No. 89-86

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

GREAT FALLS TRIBUNE COMPANY, INC.,

        Petitioner and Respondent,

-vs-

CASCADE COUNTY SHERIFF, BARRY MICHELOTTI,
and CITY OF GREAT FALLS, a Municipal corp.,

        Respondents and Appellants.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        David V. Gliko, City Attorney, Great Falls, Montana

    For Respondent:

        Peter Michael Meloy, Helena, Montana

---

Submitted on Briefs: May 18, 1989

Decided: July 6, 1989

Filed:

_____

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

The City of Great Falls appeals from an order of the District Court for the Eighth Judicial District, Cascade County, that the City must publicly disclose the names of three law enforcement officers disciplined as the result of a November 30, 1988, incident. We affirm.

The issue is whether the privacy rights of the individual police officers exceed the merits of public disclosure of the names of the officers in the Great Falls Tribune.

On November 30, 1988, certain police officers and deputies from the Cascade County Sheriff's Office engaged in a high-speed automobile chase through the City of Great Falls in an attempt to apprehend a suspect. The suspect left his car and continued his flight on foot. A deputy sheriff attempting to stop the suspect ran his squad car up on a city sidewalk and struck the suspect.

When the suspect was taken to jail, a jailer noticed that the suspect had suffered injuries to his head and face. The jailer brought the injuries to the attention of the sheriff and an investigation followed.

As a result of the investigation, a sheriff's deputy was suspended for a period of time, one police officer was fired, and two other police officers were given the option to resign or be terminated. They resigned. A reporter from the Great Falls Tribune (Tribune) had been given access to an "initial offense report" which contained the names of a number of officers involved in the incident without specifying how they were involved. He attempted to obtain the names of the officers disciplined. The reporter asked the Cascade County Sheriff, the Great Falls City Police Chief, and the Great Falls City Manager for the names of the officers disci-

plined, but all three refused to disclose the names on the grounds of the officers' right to privacy.

The Tribune filed a petition in District Court seeking an order directing the defendants to release the names of the law enforcement officers who had been disciplined. The City of Great Falls (City) moved to dismiss and filed an answer asserting the individual officers' right to privacy under Article II, Section 10 of the Montana Constitution. The court held a hearing at which two witnesses for the Tribune testified. The City did not call witnesses but filed an affidavit by the Police Chief which was entered by stipulation as part of the record.

On January 17, 1989, the District Court issued its opinion and order directing the City to disclose the identity of the officers who were disciplined. The court noted that the Cascade County Sheriff had disclosed the name of the deputy sheriff to the Tribune and had been dismissed from the lawsuit.

In analyzing the issue before it, the District Court conducted a balancing of two rights guaranteed under the Montana Constitution. The right to know is set forth at Art. II, Section 9, Mont.Const.:

> Section 9. Right to know. No person shall be deprived of the right to examine documents or to observe the deliberations of all public bodies or agencies of state government and its subdivisions, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure.

The right of privacy is set forth at Art. II, Section 10, Mont.Const.:

> Section 10. Right of privacy. The right of individual privacy is essential to the well-being of a free society and

3

                    shall   not   be   infringed   without   the
                    showing  of  a  compelling  state  interest.

The court determined that "the demands of individual privacy as shown on this record do not clearly exceed the merits of public disclosure." It ordered the City to provide the Tribune with the names of the officers disciplined as a result of the November 30th incident, along with information on which officers were terminated and resigned.

Before conducting our analysis, we will review recent cases in which this Court has been asked to balance the right of privacy against the right to know.

This Court has used a two-part test in determining whether a person has a constitutionally-protected privacy interest. Montana Human Rights Div. v. City of Billings (1982), 199 Mont. 434, 442, 649 P.2d 1283, 1287. First, we determine whether the person has a subjective or actual expectation of privacy. Next, we evaluate whether society is willing to recognize that expectation as reasonable. In Human Rights, the issue was whether the Human Rights Division had the authority to subpoena employment records of employees other than the employee who was accusing the employer of discrimination. The Court concluded that the other employees had a high expectation of privacy worthy of protection under Art. II, Section 10, Mont.Const., since their files presumably contained sensitive information. This Court next balanced the right of privacy of the other employees against the State's interest in prohibiting employment discrimination, using as its standard whether there was a compelling state interest which overrode the right to individual privacy. Human Rights, 649 P.2d at 1288. This Court concluded that the State had a compelling interest. The Court ordered that the information sought by the Human Rights Division must be released, but that a protective order must also issue to

4

prevent release of names of the other employees outside of the investigating agency.

In Missoulian v. Board of Regents of Higher Educ. (1984), 207 Mont. 513, 675 P.2d 962, this Court was asked to balance the public right to know about the performance of a university president against the president's expectation of privacy in job performance evaluations. After determining that the university president had a constitutionally-protected privacy interest, the Court used as its standard the Art. II, Section 9, Mont.Const., test of whether the demand of individual privacy clearly exceeded the merits of public disclosure. Missoulian, 675 P.2d at 970. The Court ruled that closed job performance evaluations were justified because the individual privacy interest of the university president clearly exceeded the public's right to know. Missoulian, 675 P.2d at 973.

In Belth v. Bennett (Mont. 1987), 740 P.2d 638, 44 St.Rep. 1133, the balance was between insurance companies' privacy interests in national regulatory reports on them and the public's right to disclosure of the reports. The Court first determined that the insurance companies had a constitutionally-protected privacy interest. The Court then stated the balancing test as whether the demand of individual privacy clearly exceeded the merits of public disclosure. Belth, 740 P.2d at 641. Because the Court found that there were ways other than reviewing the reports to obtain similar information about insurance companies' performance and financial status, and because the reports had been represented to the insurance companies as confidential during data gathering, the Court affirmed the District Court in denying release of the requested information.

In Engrav v. Cragun (Mont. 1989), 769 P.2d 1224, 46 St.Rep. 344, we weighed the public right to know about county

5

law enforcement operations, as represented by appellant's desire to do a school research project, against the privacy interest of persons named in daily logs of telephone calls, case files of criminal investigations, pre-employment investigation reports, and a list of persons arrested. We determined that the individuals whose names would be disclosed by release of the information had an actual expectation of privacy which society recognized and that this privacy interest outweighed the appellant's right to do a study for his school research project. We stated that no compelling state interest justified invading the privacy of the individuals affected. Engrav, 769 P.2d at 1229.

In the present case, the District Court declared that "it is not good public policy to recognize an expectation of privacy in protecting the identity of a law enforcement officer whose conduct is sufficiently reprehensible to merit discipline." We agree. The law enforcement officers in the present case may have had a subjective or actual expectation of privacy relating to the disciplinary proceedings against them. However, law enforcement officers occupy positions of great public trust. Whatever privacy interest the officers have in the release of their names as having been disciplined, it is not one which society recognizes as a strong right.

On the other hand, the public has a right to know when law enforcement officers act in such a manner as to be subject to disciplinary action. The public health, safety, and welfare are closely tied to an honest police force. The conduct of our law enforcement officers is a sensitive matter so that if they engage in conduct resulting in discipline for misconduct in the line of duty, the public should know. We conclude that the public's right to know in this situation represents a compelling state interest.

6

When we balance the limited privacy interest of the law enforcement officers against the public's right to know which officers have been disciplined for unlawful acts, we conclude that the District Court was correct. The privacy interest of the officers does not clearly exceed the public's right to know. We note that we are not ruling that the entirety of any personnel files must be revealed. The District Court ordered only the release of the names of the officer who was terminated and those who resigned.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices

7