No. 92-177

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

---

CITIZENS TO RECALL MAYOR JAMES WHITLOCK,

Plaintiffs and Respondents,

-vs-

MAYOR JAMES WHITLOCK,

Defendant and Appellant,

and

HAMILTON CITY COUNCIL, EDNA MAE LEONARD,
VIVIAN YANG, JACK EDMONDS, JOHN ROBINSON,
CLAUDIA WILLIAMSON, CRAIG STIRLING,

Third Party Plaintiffs and Respondents,

and

JOHN AND JANE DOES 1 THROUGH 10,

Third Party Defendants and Respondents.

---

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Ravalli,
               The Honorable Edward McLean, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Larry W. Jones, Attorney at Law, Missoula, Montana

       For Respondent:

            Joan Jonkel, Attorney at Law, (Jane Doe) Missoula,
            Montana
            Richard A. Weber, Jr., Hamilton City Attorney,
            Hamilton, Montana
            David A. Trihey, Pro Se, Hamilton, Montana

---

Submitted on Briefs: July 23, 1992

Decided: December 17, 1992

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Hamilton City Mayor James Whitlock appeals from a March 24, 1992, order and declaratory judgment of the Fourth Judicial District Court, Ravalli County, authorizing public disclosure of the "Toole Report" by the Hamilton City Council. On March 27, 1992, District Court Judge Ed McLean stayed enforcement of the order pending appeal. We affirm.

The issues on appeal are:

1. Was the request made by the Citizens to Recall Mayor James Whitlock to order disclosure of the Toole Report barred by the statute of limitations?

2. Was the District Court's order authorizing the Hamilton City Council to disclose the Toole Report a violation of Mayor Whitlock's individual right of privacy?

3. Was the District Court's order an improper judgment on the pleadings?

Hamilton City Judge Martha A. Bethel filed a complaint with the Montana Human Rights Commission against the City of Hamilton and Mayor Whitlock in June 1990. She claimed she had been sexually harassed and discriminated against by Whitlock. The City Council hired Ken Toole, an independent investigator, to look into Bethel's allegations and prepare a report for the City Council. Following Toole's investigation and lengthy negotiations, the City entered into a mediated settlement agreement with Bethel in September 1991. The settlement included a waiver of Bethel's individual right of privacy in regard to Toole's findings, payment of her attorney's

2

fees, and other monetary and nonmonetary considerations. The contents of Toole's investigatory report ("Toole Report") were never made public, and Bethel's complaint against Whitlock is still pending before the Human Rights Commission.

On December 3, 1991, the Citizens to Recall Mayor James Whitlock (Citizens Group) filed a complaint in District Court requesting the court to order the City Council to release copies of the Toole Report. The City Council stated in its answer and counterclaim that the report had been kept confidential because Whitlock had invoked his constitutional right of privacy to prevent disclosure of the report's contents and to keep council meetings regarding the matter confidential and closed. Even though the settlement agreement specifically provided for disclosure of the investigation report, the City feared it would subject itself to a claim for damages for violating an individual's privacy right if the Council publicly discussed or released information related to Bethel's allegations. However, the Council, acknowledging constitutional and statutory provisions requiring open meetings and the public's right to know, stated its belief that the public's right to know in this instance clearly exceeded Whitlock's individual privacy right. Therefore, in its counterclaim, the Council requested a declaratory judgment directing public disclosure of the report and public participation in Council meetings which discussed the investigation.

At the conclusion of a hearing on March 24, 1992, the District Court agreed with the City and held that an elected official had no

3

reasonable expectation of privacy when accused of misconduct in office. The court, therefore, concluded Whitlock's right of privacy did not outweigh the public's right to know, and authorized release of the Toole Report. On March 27, 1992, enforcement of this bench order was stayed pending Whitlock's appeal.

I

Was the request made by the Citizens to recall Mayor James Whitlock to order disclosure of the Toole Report barred by the statute of limitations?

Appellant Whitlock initially raises a statute of limitations argument, claiming the Citizens Group is challenging a City Council decision, made at a closed meeting, to keep the Toole Report confidential. Whitlock notes that Montana's Open Meeting Law requires a suit seeking voidance of such a decision to be made within 30 days of the time the decision was made. Section 2-3-213, MCA. Because the Citizens Group failed to plead that it filed suit within 30 days, Whitlock claims the matter should be remanded to the lower court with an order directing dismissal of the suit, or in the alternative, ordering discovery to determine if the Citizens Group had complied with proper time frames for an Open Meeting Law challenge.

We find this argument without merit. Whitlock concedes, and we agree, that the Open Meeting Law argument is directed only at the Citizens Group, and has no application to the City Council's request for declaratory judgment on the question of whether the public's right to know outweighs Whitlock's privacy interest. Yet

4

Whitlock maintains that because the Citizens Group remains a party in this suit, the statute of limitations argument may still be at least partially controlling.

We disagree. The City Council, as third-party plaintiffs, requested a declaratory judgment which was clearly not barred by a statute of limitations. The District Court's ruling responded to the constitutional issue raised by the City, and did not address whether a statutory violation of the Open Meeting Law had occurred. Whether the claims raised by the Citizens Group, as the original plaintiffs, were barred by statutory time limitations is not relevant to the decision on appeal.

II

Was the District Court's order authorizing the Hamilton City Council to release the Toole Report a violation of Mayor Whitlock's individual right of privacy?

Both the public right to know, from which the right to examine public documents flows, and the right of privacy, which justifies confidentiality of certain documents, are firmly established in the Montana Constitution. Article II, § 9, of the Constitution defines the right of the public to know as follows:

> No person shall be deprived of the right to examine documents or to observe the deliberations of all public bodies or agencies of state government and its subdivisions, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure.

Balanced against the public right to know is the right of individual privacy, provided for in Article II, § 10, of the

5

Montana Constitution: "The right of individual privacy is essential to the well-being of a free society and shall not be infringed without the showing of a compelling state interest."

We have held that the public's right to observe the workings of public bodies is not absolute. In *The Missoulian v. Board of Regents of Higher Education* (1984), 207 Mont. 513, 675 P.2d 962, we stated that the constitutional language providing exceptions to examining documents or observing deliberations requires this Court to:

> [B]alance the competing constitutional interests in the context of the facts of each case, to determine whether the demands of individual privacy clearly exceed the merits of public disclosure. Under this standard, the right to know *may* outweigh the right of individual privacy, depending on the facts. [Emphasis in original.]

*The Missoulian*, 675 P.2d at 971.

This Court has addressed on several occasions the balancing of these competing interests, and admittedly has more than once carefully guarded against public scrutiny of very private and personal matters. *See Flesh v. Mineral and Missoula Counties* (1990), 241 Mont. 158, 786 P.2d 4; *The Missoulian*, 675 P.2d 962; *Montana Human Rights Division v. City of Billings* (1982), 199 Mont. 434, 649 P.2d 1283. In light of these decisions, Whitlock contends the District Court incorrectly concluded the public's right to examine the Toole Report clearly outweighed Whitlock's individual privacy right. However, in the narrow circumstances presented in this case, we disagree, and distinguish this situation from others we have considered.

6

Whenever the Court must determine whether a privacy interest is protected under the State Constitution, we apply a two-part test: (1) whether the person involved had a subjective or actual expectation of privacy; and (2) whether society is willing to recognize that expectation as reasonable. *Flesh*, 786 P.2d at 8; *The Missoulian*, 675 P.2d at 967; *Montana Human Rights Division*, 649 P.2d at 1287. We will not engage in a lengthy discussion of the first prong of the two-part test because, in this case, we hold that whether or not Whitlock had an expectation of privacy, that expectation was unreasonable as a matter of law.

There are two important reasons for this conclusion. First, Whitlock is an elected official and as such is properly subject to public scrutiny in the performance of his duties. Our previous decisions have shielded certain personnel matters from public review, and have opened those discussions only to the entity responsible for such things as hiring, disciplinary action, and supervision. When a person is elected to public office, the general public has that responsibility, and it is then their right to be informed of the actions and conduct of their elected officials. In this case, the sexual harassment allegations against Whitlock go directly to the mayor's, and another government official's, abilities to properly carry out their duties. Information related to the ability to perform public duties should not be withheld from public scrutiny.

7

This is not the first time we have suggested that public officials may occupy unique positions in regard to expectations of privacy. In *Great Falls Tribune v. Cascade County Sheriff* (1989), 238 Mont. 103, 775 P.2d 1267, for example, we held that while police officers have a subjective or actual expectation of privacy relating to disciplinary proceedings against them, that expectation was not one which society recognized as a strong right because "law enforcement officers occupy positions of great public trust." *Great Falls Tribune*, 775 P.2d at 1269.

Other states' courts have similarly recognized that public officials cannot reasonably have as great an expectation of privacy as individuals who are not public servants. In *Cowles Publishing Company v. State Patrol* (Wash. 1988), 748 P.2d 597, 605, the Washington Supreme Court described a diminished privacy interest when the information sought relates to fitness to perform a public duty. The Alaska Supreme Court has taken the same approach, recognizing that the nature and responsibility of public office opens office holders up to more exacting public scrutiny regarding the performance of their duties. *City of Kenai v. Kenai Peninsula Newspapers* (Alaska 1982), 642 P.2d 1316; *Municipality of Anchorage v. Daily News* (Alaska 1990), 794 P.2d 584.

The second reason for our decision relates to the kind of information in question. In our previous decisions, we have protected information such as personnel records or job performance evaluations from public review. *State v. Burns* (Mont. 1992), 830 P.2d

8

1318, 49 St.Rep. 353; *Montana Human Rights Division*, 649 P.2d at 1287-88; *The Missoulian*, 675 P.2d at 968-70. However, in this case, the Toole Report was the result of an investigation commissioned to explore allegations of misconduct. The Citizens Group is not seeking disclosure of information related to private sexual activity, general performance evaluations, or proceedings where Whitlock's character, integrity, honesty, or personality were discussed. While Whitlock might reasonably expect privacy in regard to those kinds of matters, society will not permit complete privacy and unaccountability when an elected official is accused of sexually harassing public employees or of other misconduct related to the performance of his official duties.

Once the determination is made as to whether a constitutionally protected privacy interest is at stake, the question is then whether the demands of individual privacy clearly exceed the merits of public disclosure. Since we have found the privacy expectation in this particular situation unreasonable, the answer is clearly no.

The merits of publicly disclosing the Toole Report are substantial. Not only is the public entitled to be informed of the actions and conduct of their elected officials, but in this instance the information sought involves a matter in which the City has already settled with the complainant. Though the settlement was reached without a finding of fault or liability on the part of any party, the City admits it perceived a substantial risk of loss

9

and concluded it was in the best interests of the City to settle the claim. Since public funds were used to settle the dispute and may be used to indemnify Whitlock for his attorney fees, the public is entitled to know the precise reason for such an expenditure. Given the strong considerations in favor of public disclosure, and the fact that the demand of individual privacy is absent in this instance, there is no justification for denying the public the right to review the contents of the Toole Report.

After weighing the competing interests involved, we agree with the Court's determination that Whitlock's expectation of privacy is unreasonable. Therefore, we hold that the right of the public to know must be accorded greater weight than Whitlock's claim of privacy.

### III

Was the District Court's order an improper judgment on the pleadings?

Whitlock's final argument characterizes the District Court's decision as a judgment on the pleadings because no extrinsic evidence was introduced to treat the decision as a summary judgment ruling. Rule 12(c), M.R.Civ.P. He contends, therefore, that if the Court ruled only on the information contained in the pleadings, on review the complaint "is to be construed in the light most favorable to the plaintiffs and its allegations are taken as true." *Kinion v. Design Systems, Inc.* (1982), 197 Mont. 177, 180, 641 P.2d 472, 474 (citing *Fraunhofer v. Price* (1979), 182 Mont. 7, 594 P.2d 324). Viewed

10

in this manner, Whitlock argues the District Court's conclusion was improper and cannot be affirmed.

The City Council maintains the Court did consider matters outside the pleadings and the proper characterization of the Court's action is one of summary judgment. Since there were no issues of fact to be determined by the Court, the City Council asserts that it was entitled to judgment as a matter of law pursuant to Rule 56(c), M.R.Civ.P., and the court's ruling should only be set aside if the opposing party can demonstrate that a genuine factual controversy exists. *O'Bagy v. First Interstate Bank of Missoula* (1990), 241 Mont. 44, 46, 785 P.2d 190, 191.

After reviewing the record, it is apparent that the court did have before it information in addition to the pleadings. This included Bethel's affidavit of sexual harassment; an affidavit from the City Attorney verifying that Whitlock received, and therefore was aware of, the contents of the Toole Report; and affidavits from witnesses who were interviewed by Toole, waiving any privacy rights in the information contained in the report. Because the court had before it this information which was not part of the pleadings, we will consider the court's order as one for summary judgment pursuant to Rule 12(c), M.R.Civ.P.

We note that at one point during the proceedings, Whitlock moved for summary judgment in his favor, and urged consideration of some of the above-mentioned documents, admitting they supplemented

the pleadings. It would be inconsistent to disregard that same information simply because another party prevailed.

Applying the standard of review for a summary judgment proceeding, we must determine whether there is any genuine issue of material fact in controversy. The material facts in this case are all undisputed. Whitlock is an elected official. He was accused by another elected official of sexual harassment. The City Council investigated the allegation and settled the other official's claim based on its investigation. The results of its investigation are included in the Toole Report.

Based on these undisputed facts, the public has a right to know, as a matter of law, what is in the Toole Report. There are no disputed issues of material fact which would preclude the entry of summary judgment.

The District Court's order and declaratory judgment directing release of the Toole Report as recommended by the Hamilton City Council is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

12

December 17, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


LARRY W. JONES
Attorney at Law
P.O. Box 8108
Missoula, MT  59807

DAVID TRIHEY
214 North Fifth Street
Hamilton, MT 59840


JOAN JONKEL
Attorney at Law
250 Station Drive
Missoula,  MT  59801

James A. Haynes
Attorney at Law
P.O. Box 544
Hamilton, MT 59840


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy