JUSTICE MORRIS
concurs.
¶40 I concur in the Court’s determination that the Teachers’ claim of *107 a reasonable expectation of privacy in the documents at issue is moot in light of the fact that the District Court ordered the School District to turn over the documents and the School District complied. I generally concur with the Court’s determination that the District Court did not abuse its discretion in denying the Gazette’s request for attorney fees. I write separately, however, to emphasize my view that a governmental entity cannot immunize itself from potential liability for attorney fees pursuant to § 2-3-221, MCA, simply by filing a declaratory judgment action.
¶41 The Court reasons that the School District filed a declaratory judgment action and therefore the Gazette was not the “plaintiff” in this matter. Supra ¶ 29. As a result, the Court rejects any effort by the Gazette to claim its attorney fees pursuant to § 2-3-221, MCA, on the ground that the statute provides that a district court may award attorney fees to a “plaintiff who prevails.” Supra ¶ 29; see also Yellowstone County v. Billings Gazette, 2006 MT 218, ¶ 67, 333 Mont. 390, ¶ 67, 143 P.3d 135, ¶ 67 (Leaphart, J., concurring in part and dissenting in part). I disagree.
¶42 The Court’s interpretation of § 2-3-221, MCA, will hinder the public’s right to know established pursuant to Article II, Section 9 of the Montana Constitution. More importantly, the Court’s interpretation of § 2-3-221, MCA, will have the unintended effect of encouraging, rather than discouraging, litigation surrounding these requests. In order to ensure a chance at collecting its attorney fees, a media organization, or private person for that matter, first must preserve their rights by initiating litigation before requesting the public documents. To ask first and litigate later runs the risk of having the public entity file a preemptive declaratory judgment action to immunize itself from any claim of attorney fees pursuant to § 2-3-221, MCA.
¶43 I recognize that the statute’s plain language refers to “plaintiff who prevails.” Section 2-3-221, MCA. I also recognize, however, that we have deviated slightly from a statute’s plain language in order to uphold the Legislature’s intent. For example, we interposed a “frivolous, unreasonable, or without foundation” requirement on a plaintiffs claim in reversing an award of attorney fees to a prevailing defendant in an action brought pursuant to the Montana Consumer Protection Act, § 30-14-133(3), MCA. Tripp v. Jeld-Wen, Inc., 2005 MT 121, ¶¶ 35-37, 327 Mont. 146, ¶¶ 35-37, 112 P.3d 1018, ¶¶ 35-37. Similarly in State v. McGowan, 2006 MT 163, 332 Mont. 490, 139 P.3d 841, we upheld a conviction under § 61-8-406, MCA, Montana's DUI
*108 Per Se statute, where the officer administered a field sobriety test approximately fifty minutes after the officer had first stopped the defendant. We interpreted the statute’s plain language of “while driving” to encompass “a reasonable time after the alleged act” in upholding the conviction. McGowan, ¶ 17. Likewise I would interpret more broadly the phrase “plaintiff who prevails” under § 2-3-221, MCA, to encompass defendants who prevail in preemptive declaratory judgment actions of the variety at issue here. This interpretation would comport with the Legislature’s intent of supporting a party who seeks to enforce our “constitutional right to know” under Article II, Section 9 of the Montana Constitution.
¶44 My interpretation would not necessarily entitle the Gazette to attorney fees as I agree with the Court that an award of attorney fees pursuant to § 2-3-221, MCA, is discretionary. I also agree with the Court that the District Court did not abuse its discretion in denying the Gazette’s request for fees-but just barely. The Teachers at issue had a reasonable expectation of privacy during the pendency of the School District’s investigation of the allegations. Mere allegations should not automatically trigger public disclosure. At the same time that the School District was withholding the requested documents from the Gazette, however, it was providing the documents to its outside investigator. Its outside investigator, in turn, issued a report revealing the contents of the documents to the public at a school board meeting. The public’s right to know clearly outweighed the Teachers’ expectation of privacy once the School District’s outside investigator had concluded her investigation and had disclosed the results of her investigation to the public.
¶45 The School District immediately should have provided the documents to the Gazette once its outside investigator disclosed the contents of the documents to the public. Unlike the District Court, I would have awarded attorney fees to the Gazette for any amounts incurred beyond that point. My mere disagreement, however, fails to overcome our longstanding and ineluctable rule that a district court abuses its discretion when it "acts arbitrarily without conscientious judgment or exceeds the bounds of reason resulting in substantial injustice." Campbell v. Canty, 1998 MT 278, ¶ 35, 291 Mont. 398, ¶ 35, 969 P.2d 268, ¶ 35. Thus, I reluctantly concur with the Court’s conclusion that the District Court did not abuse its discretion in denying the Gazette’s request for attorney fees.
JUSTICE WARNER joins in the foregoing concurrence.
JUSTICE NELSON concurs and dissents.
*109 ¶46 I concur in the result of the Court’s decision on Issue One; I do not agree with all that is said therein. I dissent from the Court’s decision on Issue Two.
¶47 The District Court, correctly in my view, determined that the two school teachers, both occupying positions of public trust, had no reasonable expectation of privacy in alleged sexual misconduct that took place on the school campus in a common, unlocked area and that such conduct substantially compromised their ability to perform their jobs. The court concluded, appropriately, that the public’s right to know outweighed any privacy interest claimed by the teachers. That should have been equally apparent-from the outset-to the School District.
¶48 Here, a student allegedly walked into an unlocked room between the locker rooms at the high school and encountered one teacher on top of the other with one of the teacher’s bare buttocks showing. For the teachers involved and the School District to even entertain the idea that the teachers retained a subjective privacy interest in such conduct that society would consider reasonable is patently ridiculous. Indeed, not one case or authority is cited for the argument that such conduct by public school teachers is protected by the right of individual privacy. And, worse, for the teachers to argue on appeal that this sort of conduct is apparently capable of repetition, but might escape review, is truly mind-blowing. One is left to wonder just how often this sort of thing occurs on campus.
¶49 In my view, the Gazette was entitled to all documents and records pertaining to the investigation of this matter and any subsequent discipline imposed on the teachers as soon as the newspaper requested the documents and records from the School District. I reject the idea that the School District had to engage in litigation to balance a clear legal duty to disclose documents which were presumptively open to the public -under Article II, Section 9 of the Montana Constitution, with a claim to a right of privacy that, under this Court’s jurisprudence, simply did not exist from the beginning. See Great Falls Tribune v. Sheriff, 238 Mont. 103, 107, 775 P.2d 1267, 1269 (1989) (public employees in positions of trust have limited expectations of privacy in investigations into their conduct); Citizens to Recall Mayor v. Whitlock, 255 Mont. 517, 523, 844 P.2d 74, 78 (1992) (mayor has no privacy interest that society is willing to accept as reasonable where allegations involve his sexually harassing public employees); Bozeman Daily Chronicle v. Police Dept., 260 Mont. 218, 226-27, 859 P.2d 435, 440 (1993) (off-duty police officer has no privacy interest in *110 investigative materials linking him to the rape of a cadet at the law enforcement academy because he occupied a position of public trust and his alleged misconduct went directly to his breach of that duty); Svaldi v. Anaconda-Deer Lodge County, 2005 MT 17, ¶ 31, 325 Mont. 365, ¶ 31, 106 P.3d 548, ¶ 31 (public school teachers entrusted with the care and instruction of children occupy a position of public trust); Jefferson County v. Montana Standard, 2003 MT 304, ¶ 17, 318 Mont. 173, ¶ 17, 79 P.3d 805, ¶ 17 (county commissioner had no reasonable expectation of privacy precluding disclosure to newspaper of information relating to her ability to perform her duties).
¶50 When a public agency such as the School District-see Bryan v. District, 2002 MT 264, ¶ 35, 312 Mont. 257, ¶ 35, 60 P.3d 381, ¶ 35-knows or with even minimal legal research should know that documents sought are public documents, then its duty is to promptly and fully disclose those when requested, and not to engage in litigation or the “let’s~see-just-how-long-we-can-drag-this-out” approach that seems to increasingly characterize right to know cases. See Havre Daily News, LLC v. City of Havre, 2006 MT 215, 333 Mont. 331, 142 P.3d 864; Yellowstone County v. Billings Gazette, 2006 MT 218, 333 Mont. 390, 143 P.3d 135.
¶51 For these reasons, the Court’s decision on the attorney fees issue is indefensible. The School District needlessly delayed the resolution of this matter by subjecting the Gazette to protracted litigation that was unnecessary. The School District gave the documents requested by the Gazette to an outside investigator who issued a report revealing the contents of the documents to the public during the pendency of these proceedings, without a court order and prior to the District Court’s decision requiring disclosure to the Gazette. The School District forced the Gazette to litigate and expend attorney fees to obtain documents that it voluntarily gave to an investigator who, in turn, released the contents of the documents to the public. The Gazette’s entirely proper and legal request for investigative and disciplinary documents was met by the School District, not with disclosure, but with a lawsuit-and then it unreasonably delayed providing the documents to the trial court for in camera inspection. Moreover, important investigative documents were withheld-even from the District Court-for months. I cannot join either the District Court or this Court in characterizing the School District as just trying to balance competing right-to-know and privacy interests. Indeed, I question the bona fides of the School District in this whole matter.
¶52 The Gazette was required to litigate its entitlement to the *111 documents at issue in order to uphold the public’s right to know under Article II, Section 9; the Gazette was the prevailing party; it is entitled to its attorney fees.
¶53 I made this same argument in Havre Daily News and in Yellowstone County — obviously to no avail. Havre Daily News, ¶¶ 49-86 (Nelson, J., concurring and dissenting); Yellowstone County, ¶¶ 33-52 (Nelson, J., concurring). Even if the Gazette was not a prevailing “plaintiff’ in this matter, it was entitled to attorney fees under § 27-8-313, MCA, and our decisions in Trustees of Indiana University v. Buxbaum, 2003 MT 97, 315 Mont. 210, 69 P.3d 663, and Mountain West v. Brewer, 2003 MT 98, 315 Mont. 231, 69 P.3d 652. Moreover, I would adopt the seven factors suggested by the Gazette. These factors should be taken into consideration in ruling on a fee request. Yellowstone County, ¶¶ 34-35 (Nelson J., concurring). And, I would hold that the District Court abused its discretion in not awarding the Gazette its attorney fees in this case.
¶54 Unfortunately, the mischief in the Court’s decision is not only that it frustrates the constitutional presumption that all documents of every kind in the hands of public officials are amenable to inspection (Great Falls Trib. v. Mont. Public Serv. Com., 2003 MT 359, ¶ 54, 319 Mont. 38, ¶ 54, 82 P.3d 876, ¶ 54), and that it stands on it’s head the constitutional requirement that, even if-unlike here-the governmental entity is faced with legitimate privacy concerns, the right to know still trumps individual privacy interests unless the latter clearly outweighs the former (Mont. Const. art. V, § 9; Yellowstone County, ¶¶ 40-42 (Nelson, J., concurring)); but also, and worse, it encourages governmental entities to continue to play hide-the-ball when a newspaper requests public documents to which the media is constitutionally entitled. Indeed, our refusal to require the award of attorney fees to the newspaper in such cases rewards such intransigence. I continue to reject that approach.
¶55 I concur in the result of Issue One; I dissent from Issue Two.
JUSTICE COTTER joins in the concurrence and dissent of JUSTICE NELSON.