IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 06-0628

_____

| | |
|---|---|
| IN RE REVISING THE RULES FOR ) | |
| LAWYER DISCIPLINARY ENFORCEMENT ) | O R D E R |
| ) | |

_____

Article VII, Section 2(3) of the 1972 Montana Constitution vests this Court with original and exclusive jurisdiction and responsibility in all matters involving admission to the bar of the state of Montana and the conduct of the bar's members. In the exercise of that jurisdiction and responsibility, we hereby adopt the attached Rules for Lawyer Disciplinary Enforcement, RLDE (2011), which shall replace the RLDE (2002) now in effect. In so doing, we gratefully acknowledge the input and the hard work of all who have participated in developing the RLDE (2011).

In brief, the Rules we adopt today continue the format of and include many carryover provisions from the RLDE (2002). However, they also incorporate substantive changes to Rules 3, 4, 5, 9, 10, 13, 20, and 26. In addition to those changes, Rule 11, RLDE (2002), has been abrogated as redundant in the context of the RLDE (2011).

These RLDE (2011) shall be effective as of January 1, 2011, provided, however, that any matter then pending shall be concluded under the procedures existing prior to the effective date of these Rules.

The Clerk is directed to provide copies of this order and the attached RLDE (2011) to:

the State Law Librarian, with a request that this Order and the attached Rules be published to the Supreme Court website;

the Executive Secretary and the Chair of the Commission on Practice, with the request that they distribute this Order and the attached Rules to all members of the Commission;

the Office of Disciplinary Counsel;

the Code Commissioner for the Montana Legislative Services Division;

Peter Michael Meloy;

Timothy Strauch;

Annie Goodwin, Chair of the Commission on Character and Fitness;

the Montana Trial Lawyers Association;

Pat Bellinghausen, of the *Billings Gazette*; and

the Executive Director of the State Bar of Montana with the request that notice hereof be published in the next available issue of *The Montana Lawyer* and that a link be provided on the Bar's website to this Order and the attached Rules on the Court's website.

DATED this 9th day of November, 2010.

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE

Justice James C. Nelson, dissenting.

Respectfully, I dissent from the Court's Order.

This matter began when the Billings Gazette (Gazette) filed suit in the First Judicial District Court, Lewis and Clark County, against this Court's Commission on Practice (COP) and Office of Disciplinary Counsel (ODC). Pursuant to the public's "right to know"

guaranteed to every person under Article II, Section 9 of the Montana Constitution,[1] the Gazette sought to open "confidential" lawyer disciplinary files held by COP and ODC pertaining to one specific attorney. See Billings Gazette v. State, 2008 MT 287, ¶ 1, 345 Mont. 385, 190 P.3d 1126. We declined to reach the merits of the Gazette's claim. Billings Gazette, ¶ 8. Rather, we determined, simply, that because this Court has exclusive jurisdiction over lawyer discipline pursuant to Article VII, Section 2(3), the District Court correctly concluded that it did not have authority to issue an order opening lawyer disciplinary files which we had declared confidential under Rules 20 and 26 of the Montana Rules of Lawyer Disciplinary Enforcement (MRLDE). *Billings Gazette*, ¶¶ 10-11. We also ruled that we could not open, retroactively, the attorney's disciplinary files when she had relied on those files being kept confidential. *Billings Gazette*, ¶ 12.

The Gazette then filed a Petition for Declaratory Relief in this Court, pursuant to Rule 14 of the Montana Rules of Appellate Procedure, mounting a facial challenge to the constitutionality of MRLDE 20 and 26. *In re the Supreme Court Rule on Attorney Discipline* (No. OP 08-0556). The Gazette, again, grounded its claim in the fundamental Right to Know provision of Montana's Constitution. Furthermore, the Gazette asked that we recast MRLDE 20 and 26 so as to vindicate the public's right to know. Concluding that the Gazette's petition had "arguable merit," we nonetheless, again, dodged the challenge. This time we entered an order on November 26, 2008, stating our objective to ensure that any revised rules should apply to all attorneys.[2] We also determined that it would be more efficient to decline original jurisdiction, dismiss the Gazette's petition without prejudice, and

---

[1] Article II, Section 9 states: "Right to know. No person shall be deprived of the right to examine documents or to observe the deliberations of all public bodies or agencies of state government and its subdivisions, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure." This constitutional guarantee is self-executing. *See* Fritz Snyder, *The Right to Participate and the Right to Know in Montana*, 66 Mont. L. Rev. 297, 303, 314 (2005) (citing *Allstate Ins. Co. v. Billings*, 239 Mont. 321, 325, 780 P.2d 186, 188 (1989)).

[2] In the *Billings Gazette* case, as noted, the challenge pertained only to a specified government attorney. *Billings Gazette*, ¶¶ 3-5.

sua sponte initiate a public rulemaking process—which was to commence within 60 days of the date of our Order.

Now, some two years later—after studies, meetings, working groups, emails, written position statements, and countless hours—we are essentially back where we started—at square one. Despite making some cosmetic changes to the Rules of Lawyer Disciplinary Enforcement, it remains the case that lawyer discipline administered through "admonition" (*see* MRLDE 13) will still likely remain private. Rather than ridding the discipline process of admonitions altogether—the substitute being the nondisciplinary letter of caution issued by Disciplinary Counsel (*see* MRLDE 5B(6), 10C(1)(c))—we have retained the option for COP to *privately* discipline an attorney for his or her misconduct, by means of a private admonition. *See* MRLDE 13. I turn to that rule.[3]

MRLDE 13, as now amended, provides in its entirety:

> Following the filing of a formal complaint, an Adjudicatory Panel may determine to sanction a lawyer by the imposition of an admonition. The Adjudicatory Panel shall determine whether to impose the admonition publicly or privately after weighing, on a case-by-case basis, the lawyer's privacy interests and the public's right to know. The demands of the lawyer's individual privacy must clearly exceed the merits of public disclosure in order for an Adjudicatory Panel to impose a private admonition. An Adjudicatory Panel may do so, however, only after consulting Disciplinary Counsel and the lawyer subject to sanction, to apprise the interested parties of its reasoning for such decision and to allow for comment.
>
> An Adjudicatory Panel's decision to close an adjudicatory hearing and/or impose an admonition, either publicly or privately, shall be final unless, within ten days of the Adjudicatory Panel's decision, the lawyer subject to sanction, Disciplinary Counsel, or a member of the public, files a petition with the Clerk of the Supreme Court asking the Court to review the Adjudicatory Panel's decision. The Court shall conduct an in-camera review of the Adjudicatory Panel's decision in which it evaluates the lawyer's privacy

---

[3] Notably, in addition to authorizing an Adjudicatory Panel to impose an admonition privately, MRLDE 13 indicates that the Adjudicatory Panel may also decide "to close an adjudicatory hearing" altogether. This flies in the face of MRLDE 20B, which states that the proceedings before COP are *public*, except in the narrow circumstances listed in MRLDE 20B(1)-(4).

4

interest and the public's right to know.

A private admonition should be imposed only in cases of minor misconduct, when there is little or no injury to the public, the legal system, or the profession, and when there is little likelihood of repetition by the lawyer. A private admonition informs the lawyer that his or her conduct is unethical, but does not unnecessarily stigmatize a lawyer from whom the public needs no protection.

In my view, this rule, as amended, is problematic for a number of reasons and will result in most admonitions being private, rather than public. First, MRLDE 13 states that before imposing a private admonition, COP must consult with the lawyer subject to sanction. No doubt it will be the exceptional lawyer that chooses to waive his or her right of individual privacy so as to be admonished in public. Furthermore, while COP must apprise "interested parties" of the reasoning for its decision to impose an admonition privately, it is not clear that "interested parties" includes the public at large. Indeed, who decides whether a party is "interested"? COP certainly is not qualified to make that determination. And how would COP or a given individual even know that he, she, or it is "interested"? Obviously, before that could happen, the fact that an admonition is to be imposed would have to be made public—though the specifics of the admonition would apparently be kept secret. How, when, and where this apprisal is to be given is not clear either. In this regard, while there is a short 10-day window in which those challenging the Adjudicatory Panel's decision may seek review by this Court, MRLDE 13 necessarily imposes upon the public the obligation to track lawyer disciplinary matters up to and through the adjudicatory hearing. How, exactly, the public is supposed to obtain advanced notice of the Adjudicatory Panel's decision and apprisal of its rationale is not stated.

Additionally, private admonitions are to be imposed "only in cases of minor misconduct, when there is little or no injury to the public, the legal system, or the profession, and when there is little likelihood of repetition by the lawyer." At least from the discussions at the public meetings, these are exactly the same criteria under which Disciplinary Counsel is now permitted to issue *nondisciplinary* letters of caution under MRLDE 5B(6) and 10C(1)(c). The sort of "minor misconduct" that will be eligible for a nondisciplinary letter

5

of caution from Disciplinary Counsel, as opposed to the sort of "minor misconduct" that will be eligible for a private disciplinary admonition, is not specified; the MRLDE contain no standards. Rather, we have adopted a nondisciplinary category of attorney ethical lapses and a disciplinary category of attorney ethical lapses which both cover "minor misconduct" with no standards to distinguish the two—a situation that will guarantee ad hoc decision-making. Aside from the fact that respondent attorneys will be justifiably confused as to why one, and not the other, applies, the public will have no opportunity to observe how the determination is made between the former and the latter. If nothing else, then, MRLDE 13 will guarantee endless petitions for review by this Court of the Adjudicatory Panel's decisions, whether the decision is to impose an admonition publicly or to impose it privately.

Finally, and probably most importantly, at the various public meetings on this matter, current and former members of COP and members of this Court offered passionate comments extolling the benefits to respondent attorneys of counseling delivered by way of admonitions. These comments recounted the embarrassment, remorse, and contrition often exhibited by the attorney being disciplined for his or her misconduct. Given COP's apparent institutional philosophy in favor of saving the attorney—and his or her reputation—from the humiliation and damage theoretically inherent in being *publicly* taken to the woodshed, I expect that more admonitions will be closed to the public in the interest of lawyer privacy than will be open to public observation in the interest of the right to know. It will always be easy to find a reason to preserve the lawyer's feelings and reputation by giving a private admonition in a closed proceeding. In short, I believe that MRLDE 13's supposedly limited exception for private admonitions will ultimately swallow the nominal presumption of transparency set out in the rule.

We should have stuck to what we originally committed to do: abrogate admonitions, private or public, altogether. For the sorts of "minor misconduct" described in the rule, Disciplinary Counsel can issue a nondisciplinary letter of caution along with suggestions as to how the attorney can improve his or her practice. But if the attorney's unethical conduct is serious enough to merit the filing of a formal complaint and the imposition of discipline,

then the whole of the disciplinary proceedings should be open to public scrutiny.

Two other facets of the rules should be noted here. First, under MRLDE 20B(3) and 26, conditional admissions and affidavits of consent which result in a *private* discipline are *never* made public. Hence, notwithstanding the constitutional right to know, an attorney need simply file a conditional admission and consent to a private admonition in order to keep his or her misconduct under wraps.

Second, the amendment to MRLDE 20A allows Disciplinary Counsel in his or her sole discretion to refuse to disclose information in his or her files to the organizations listed in MRLDE 20A(4). I cannot agree with this approach. These organizations look at such information through a different lens, usually for a remedial or preventive purpose related to the organization's particular charge and unrelated to disciplinary prosecution. In this regard, and at least as to the Commission on Character and Fitness, the comments at the public meetings revealed an unfortunate tension between this Commission and ODC. Accordingly, in my view, the better approach would be to adopt a presumption that information in Disciplinary Counsel's file is available to the listed organizations for limited use related to the organization's particular charge, unless Disciplinary Counsel obtains a protective order from this Court following our in-camera review.

Regardless of my personal views about the efficacy, practicality, or good intentions surrounding our adoption of the above amendments, I am constrained by our well-established principles of the law. Specifically, the public's right to know is a fundamental constitutional right. *Lee v. City of Missoula Police Dept.*, 2008 MT 186, ¶ 10, 343 Mont. 487, 187 P.3d 609. Fundamental rights are significant components of liberty, any infringement of which will trigger the highest level of protection by the courts. *Walker v. State*, 2003 MT 134, ¶ 74, 316 Mont. 103, 68 P.3d 872. Moreover, "there is a *constitutional presumption* that all documents of every kind in the hands of public officials are amenable to inspection, regardless of legislation . . . and other competing constitutional interests, such as due process." *Great Falls Tribune v. Public Service Commn.*, 2003 MT 359, ¶ 54, 319 Mont. 38, 82 P.3d 876 (emphasis in *Great Falls Tribune*, internal quotation marks omitted).

And that presumption of transparency, created by Article II, Sections 8 and 9, imposes an "affirmative duty" on government officials to make all of their records and proceedings available to public scrutiny. *Great Falls Tribune*, ¶ 54; *see also Bryan v. Yellowstone County Elem. Sch. Dist. No. 2*, 2002 MT 264, ¶¶ 30-31, 312 Mont. 257, 60 P.3d 381. Article II, Section 9 *presumes* transparency *unless* the demand of individual privacy *clearly* exceeds the merits of public disclosure. Thus, when the balance of public disclosure versus privacy is equal or is even tipped slightly in favor of the right of privacy, the right to know trumps privacy and mandates disclosure. Closing the proceedings of public bodies and withholding public documents based on the right of individual privacy is, constitutionally, the *exception*, not the norm. As Constitutional Convention Delegate Dorothy Eck stated with regard to Section 9, "we added the word 'clearly' with the intention of *tipping the balance* in the favor of the right to know." Montana Constitutional Convention, Verbatim Transcript, March 7, 1972, p. 1670 (emphasis added).

Having reneged on what I naively had understood was this Court's firm commitment to make the disciplinary process transparent—by doing away altogether with admonitions, private or otherwise—we have now rendered that part of the existing disciplinary process translucent, at best. That is not good enough, in my opinion. More to the point, it is not constitutionally permissible. While I retain my abiding respect for ODC and for the men and women who serve on COP, and while I acknowledge COP's practice of counseling and instructing unethical lawyers so as enable them to improve their practices,[4] I do not agree that the *disciplining* of professionals who are officers of the Court,[5] vested with the public

---

[4] *See e.g. In re Best*, 2010 MT 59, ¶ 27, 355 Mont. 365, 229 P.3d 1201, where COP claimed that it would have explained to Best confidentially, in what was to be a private admonition, the nature of her alleged unethical conduct "in an effort to instruct and improve Best's practice of law."

[5] *See Steele v. McGregor*, 1998 MT 85, ¶ 28, 288 Mont. 238, 956 P.2d 1364; Montana Rules of Professional Conduct, Preamble, at (14).

trust, should be allowed to trump the public's right to know.[6]  If this Court *disciplines* an attorney by censure, suspension, or disbarment, there is no "privacy" exception.  The public has a right to know all the details of that discipline.  Even assuming, for the sake of argument, that there is a need for the "admonition" category of discipline—which I doubt— there is no reason why both the punishment and the counseling cannot be conducted in an open proceeding.  When COP determines to counsel or chastise a lawyer whose ethical misconduct *is serious enough to merit discipline*, then that process—*all of it*—should be open to the public.

In this regard, I fully support the amendments that permit ODC to issue letters of caution.  *See* MRLDE 5B(6), 10C(1)(c) (as amended).  Indeed, the original proposal for authorizing such letters contemplated that they would supplant admonitions entirely. Letters of caution are not considered discipline.  Rather, in my understanding, the letters are issued by ODC to lawyers whose minor misconduct or technical violations of the Montana Rules of Professional Conduct are *de minimus*, with the expectation that the lawyer's minor lapses in good practice or judgment will be promptly, and without more, resolved.  This approach is

---

[6] Indeed, we create a double standard by seemingly shielding the privacy of attorneys, who are vested with the public trust in all aspects of their practice, to a greater degree than we do public employees and police officers, who are similarly vested with the public trust. *See Great Falls Tribune Co. v. Cascade County Sheriff*, 238 Mont. 103, 775 P.2d 1267 (1989); *Citizens to Recall Whitlock v. Whitlock*, 255 Mont. 517, 844 P.2d 74 (1992); *Bozeman Daily Chronicle v. City of Bozeman Police Dept.*, 260 Mont. 218, 859 P.2d 435 (1993); *Jefferson County v. Montana Standard*, 2003 MT 304, 318 Mont. 173, 79 P.3d 805; *see also* Montana Rules of Professional Conduct, Preamble, at (14) ("Lawyers play a vital role in the preservation of society.  The fulfillment of this role requires an understanding by lawyers of their relationship to our legal system.  All lawyers understand that, as officers of the court, they have a duty to be truthful, which engenders trust in both the profession and the rule of law. . . .  Trust in the integrity of the system and those who operate it is a basic necessity of the rule of law . . . .").  Thus, if the public's trust is violated, it should not matter who—whether a public official, a public employee, or an officer of the court—violates it. When it comes to the public's right to know, all those vested with the public trust should be treated and disciplined under the same sorts of transparent standards.  Since it is the "public's" trust which has been violated, it is only right and just that the public be able to observe how the breach of its trust is punished or remediated.

consistent with the notion that, in these sorts of cases, the lawyer's right of individual privacy clearly outweighs the merits of the public disclosure for an insubstantial ethical lapse. Admonitions, on the other hand, are *discipline*. And, by definition, they involve ethical misconduct serious enough to warrant not only the involvement of this Court and COP, but also *punishment* by the latter. Those proceedings should be open to the public.

The rules and amendments which we adopt today, however, tip the constitutional balance of transparency in the opposite direction from that required by the plain and unambiguous language of Article II, Section 9, its underpinnings as expressed during the 1972 Constitutional Convention, and our well-established caselaw. The amendments place the lawyer's reputation, his or her desire to avoid embarrassment, and the perceived needs of the lawyer disciplinary system and COP itself (which *we*, incidentally, created) ahead of the fundamental right of the public's right to examine documents and to observe the proceedings of that body. When it comes to "admonitions," the Court and COP seem to believe that, in some cases at least, the public's "*need to know*" trumps its "*right to know.*" The two are not the same. The former is an ad hoc determination made by a public body; the latter is a fundamental right guaranteed by the Montana Constitution. The amendments to MRLDE 13 are, therefore, in my view, constitutionally infirm.

In conclusion, unethical practice of law that is serious enough to warrant a formal complaint and, ultimately, punishment is not a private matter. That type of practice adversely affects the attorney-client relationship; is repugnant to the administration of justice; is destructive of the public's confidence in the legal system; and, when not dealt with openly, breeds distrust in this Court and its disciplinary arms. If we expect the public to respect Montana's lawyer disciplinary system, if we strive to instill universal confidence in the process, fairness, and effectiveness of that system, and if we are truly serious about demonstrating that the policing of our own profession actually works, then making the *entire* disciplinary process transparent is an indispensible step in obtaining these goals.

For the foregoing reasons, I respectfully dissent from the Court's Order.

/S/ JAMES C. NELSON

# 2011 RULES FOR LAWYER DISCIPLINARY ENFORCEMENT

## I. STRUCTURE AND SCOPE

## RULE 1. COMPREHENSIVE LAWYER REGULATION SYSTEM

The Court hereby establishes a comprehensive lawyer discipline and disability system, consisting of an Office of Disciplinary Counsel and a Commission on Practice. The Office of Disciplinary Counsel shall perform central intake functions and shall process, investigate, and prosecute those complaints against lawyers which are within the disciplinary jurisdiction of the Court. The Commission on Practice, which shall be divided into Review and Adjudicatory Panels, shall hear and decide complaints and in appropriate cases, shall make recommendations to the Court for discipline. Prosecutorial and adjudicatory functions shall be separated and managed to secure responsiveness, efficiency, and fairness.

## RULE 2. THE COMMISSION ON PRACTICE OF THE SUPREME COURT OF THE STATE OF MONTANA

**A. Appointment.** The Court shall appoint a fourteen-member commission to be known as "The Commission on Practice of the Supreme Court of the State of Montana," hereinafter referred to as the "Commission," which shall consist of nine practicing lawyers, who shall be residents of the State of Montana and licensed and admitted to practice in the state of Montana, and five nonlawyers. One of said lawyers shall be appointed from each of the areas hereinafter defined. One lawyer member shall be at large and may be appointed from any area set forth below. The nonlawyer members of the Commission shall be appointed at large, but they shall be residents of the state of Montana. The term of office of all members of the Commission shall be four years. The persons serving on the Commission on the effective date of these Rules shall continue to serve on the Commission for the remainder of the terms for which they were appointed, unless their membership on the Commission is terminated as hereinafter provided.

The areas from which the lawyer members of the Commission shall be appointed shall be comprised of the various judicial districts of the state of Montana, and are to be designated as follows:

**Area A** shall comprise the Fourth, Eleventh, Nineteenth, Twentieth, and Twenty-first Judicial Districts.
**Area B** shall comprise the Second, Third, and Fifth Judicial Districts.
**Area C** shall comprise the Eighth and Ninth Judicial Districts.
**Area D** shall comprise the Twelfth, Fifteenth, and Seventeenth Judicial Districts.
**Area E** shall comprise the First, Sixth, and Eighteenth Judicial Districts.
**Area F** shall comprise the Tenth and Fourteenth Judicial Districts.
**Area G** shall comprise the Thirteenth and Twenty-second Judicial Districts.
**Area H** shall comprise the Seventh and Sixteenth Judicial Districts.

Except for the at-large lawyer member, appointments to the Commission of the lawyer members shall be made by the Supreme Court from a list of three practicing lawyers in each Area having the three highest number of votes in an election by the Area members of the State Bar of Montana. The time, place, and method of such election shall be in accordance with the orders of this Court. In the event that said election is not held in any Area as ordered, the Supreme Court shall appoint a member from that Area to serve on the Commission.

The nonlawyer members and the at-large lawyer member of the Commission shall not be subject to the election procedure, but shall be appointed by the Court.

In the event of a vacancy in the Commission, a successor shall be appointed by the Supreme Court for the unexpired term of the member whose office is vacated. Members of the Commission may terminate their membership at their pleasure, and their membership may be terminated by the Court at its pleasure.

**B. Election of Officers.** The members of the Commission shall annually elect lawyer members as chairperson, vice chairperson, and executive secretary. The chairperson, and in the absence of the chairperson, the vice chairperson, shall preside at meetings of the Commission except that in the conduct of disciplinary hearings the chairperson may appoint another lawyer member of the Commission to act as presiding officer.

A presiding officer shall have all of the powers of the chairperson in any case in which he or she has been appointed.

**C. Quorum.** Eight members of the Commission shall constitute a quorum when the Commission is acting as a whole. The act of a majority of the members present at a meeting at which a quorum is present shall be the act of the Commission.

**D. Meetings.** Members of the Commission shall meet at times and places designated by the chairperson or, in the absence of the chairperson, by the vice chairperson, who shall determine the agenda for the meetings. Notice of any such meeting shall be given by mail or by telephone not less than seven calendar days in advance of the time for such meeting, except in cases of emergency or urgency requiring, in the judgment of the person calling the meeting, a shorter time of notice. Also, the Supreme Court may call a meeting of the members to be held at a time and place ordered by the Court. Notice of such meeting shall be given as above provided. The minutes of any meeting of the Commission shall state the form and time of notice of meeting given to the members.

**E. Executive Committee.** The chairperson, vice chairperson, and executive secretary of the Commission shall constitute the executive committee. The principal function of the executive committee shall be to attend to administrative matters during the interval between meetings of the Commission. The executive committee shall have such other duties and authority as the Commission shall determine from time to time.

**F. Compensation and Expenses**. Members of the Commission shall receive no compensation for their services, but may be reimbursed for travel and other expenses incidental to the performance of their duties.

**G. Powers and Duties of the Commission.** The Commission shall exercise the following powers and duties:

(1) Adopt rules or policies providing for the time and place of meetings, and such other procedural rules not in conflict with these rules, as may be necessary to expedite the conduct of its business;

(2) Periodically review the operation of the lawyer disciplinary system with the Supreme Court;

(3) Establish Review Panels pursuant to Rule 3;

(4) Establish Adjudicatory Panels pursuant to Rule 4;

(5) Appoint and supervise any Commission staff;

(6) Assure that a Review Panel member who sits on a particular case does not also sit on an Adjudicatory Panel for that case;

(7) Maintain all permanent records of disciplinary matters and proceedings;

(8) Exercise such other authority and perform such other duties as are provided in these Rules, or that may be required in order to carry out the provisions of these Rules; and

(9) Operate subject to budgetary limitations imposed by the Court.

## RULE 3. REVIEW PANELS: COMPOSITION; POWERS & DUTIES; QUORUM

**A. Composition.** The Chairperson of the Commission shall appoint one or more Review Panels of five members each, at least two of whom shall be nonlawyers; shall designate a Chairperson for each Review Panel; and shall realign the membership of Review Panels from time to time.

**B. Powers and Duties.** A Review Panel shall:

(1) Review Disciplinary Counsel's request to file a formal complaint, together with the complaint, the response from the lawyer against whom the complaint was made and any reply from the complainant together with other relevant documents and Disciplinary Counsel's intake summary, investigative report, and recommendations;

(2) Refer complaint to Disciplinary Counsel for any further investigation, if needed to determine whether a formal complaint is appropriate;

(3) Approve Disciplinary Counsel's request to file a formal complaint when the facts appear to warrant disciplinary action or transfer to disability/inactive status or reject the request to file a formal complaint if discipline does not appear to be warranted;

(4) Hear and determine requests for review pursuant to Rule 10C(3) and for reconsideration pursuant to Rule 14;

(5) Authorize the stay of disciplinary proceedings for good cause shown pursuant to Rule 28;

(6) Conduct show cause hearings when a lawyer has refused to respond to inquiries from the Office of Disciplinary Counsel or the Commission; and

(7) Notify parties of action by a Review Panel.

**C. Quorum.** Three members of a Review Panel, at least two of whom are lawyers, shall constitute a quorum; however, any act of the Review Panel shall require the vote of three members.

# RULE 4. ADJUDICATORY PANELS: COMPOSITION; POWERS & DUTIES; QUORUM

**A. Composition.** The Chairperson of the Commission shall appoint one or more Adjudicatory Panels of nine members each, at least three of whom shall be nonlawyers; shall designate a Chairperson for each Adjudicatory Panel; and shall realign the membership of Adjudicatory Panels from time to time.

**B. Powers and Duties.** Adjudicatory Panels shall, in accordance with the specific procedures and provisions of these Rules:

(1) Hold hearings on formal complaints and complaints for interim suspension filed by Disciplinary Counsel;

(2) After hearing, make findings of fact, conclusions of law, and recommendations to the Court for discipline or other disposition of formal complaints;

(3) Hear and determine preliminary and procedural matters incidental to the exercise of its powers and duties;

(4) Administer admonitions;

(5) Hear and determine requests for reconsideration pursuant to Rule 14;

(6) Administer oaths, provide for discovery, and exercise its subpoena power pursuant to Rule 19;

(7) Authorize the stay of a disciplinary proceeding for good cause shown pursuant to Rule 28;

(8) Hold show cause hearings when a lawyer has refused to respond or cooperate with the Office of Disciplinary Counsel, a Review Panel, or an Adjudicatory Panel pursuant to Rule 24;

(9) Conduct proceedings relative to disability and transfer to inactive status pursuant to Rule 28;

(10) Hold hearings on petitions for reinstatement and make recommendations for their disposition to the Supreme Court pursuant to Rule 29;

(11) Hold hearings and make recommendations to the Court concerning assessment of the costs of proceedings, investigations, and audits pursuant to Rule 9; and

(12) Approve Disciplinary Counsel's request to file a formal complaint when the facts appear to warrant disciplinary action or transfer to disability/inactive status.

**C. Quorum.** Five members of an Adjudicatory Panel, at least three of whom are lawyers, shall constitute a quorum; however, any act of the Adjudicatory Panel shall require the vote of three members.

# RULE 5. OFFICE OF DISCIPLINARY COUNSEL

**A. Appointment.** The Court shall appoint a lawyer to serve as Chief Disciplinary Counsel and may appoint such Deputy Disciplinary Counsels as they deem necessary. Disciplinary Counsel shall not engage in private practice; shall be admitted to practice in

Montana at the time of appointment or within a reasonable time thereafter as determined by the Court; and shall maintain offices in Helena, Montana, in facilities designated by the Court.

**B. Powers and Duties.** Disciplinary Counsel shall perform all prosecutorial functions and shall have the following powers and duties:

(1) Supervise Office of Disciplinary Counsel (Office) staff in performing central intake functions;

(2) Evaluate all information coming to the attention of the Office to determine whether it is within the disciplinary jurisdiction of the Court;

(3) Investigate all information coming to the attention of the Office which, if true, would be grounds for discipline or transfer to disability/inactive status;

(4) Investigate all facts pertaining to petitions for reinstatement or readmission;

(5) Dismiss a complaint that Disciplinary Counsel determines does not warrant disciplinary action;

(6) In addition to dismissing the complaint, Disciplinary Counsel may issue a letter of caution or take other corrective action when Disciplinary Counsel deems it appropriate;

(7) Request leave to file a formal complaint when Disciplinary Counsel determines that disciplinary action is warranted;

(8) Prosecute before Review Panels, Adjudicatory Panels, and the Court, discipline, interim suspension, reinstatement, and readmission proceedings, and proceedings for transfer to or from disability/inactive status;

(9) Employ and supervise Office staff needed for the performance of prosecutorial functions and, when circumstances necessitate their use, appoint and supervise special investigators and volunteer special counsel;

(10) Notify promptly the complainant and the lawyer that an investigation is to be initiated by Disciplinary Counsel or, where Disciplinary Counsel dismisses, provide a concise written statement of the facts and reasons a matter has been dismissed;

(11) Develop written guidelines for determining which matters fail to allege facts that would constitute grounds for disciplinary action;

(12) Request the Clerk of the Supreme Court to notify each jurisdiction in which a lawyer is admitted of a transfer to or from disability/inactive status, reinstatement, readmission, or any public discipline imposed in this state;

(13) Whenever costs have been assessed against a lawyer by the Supreme Court, assemble and serve on the lawyer an itemized list of the costs of proceedings, investigations, and audits;

(14) Seek reciprocal discipline when informed of any public discipline imposed in any other jurisdiction;

(15) Forward a certified copy of the judgment of conviction to the disciplinary office in each jurisdiction in which a lawyer is admitted when the lawyer is convicted of a serious crime (as hereinafter defined) in this state;

(16) Maintain permanent records of discipline and disability matters and compile statistics to aid in the administration of the system;

(17) Prepare an annual budget for the Office and submit it to the Board of Trustees of the State Bar of Montana for review;

(18) Make reasonable and necessary expenditures pursuant to the reviewed budget to perform the duties of the Office;

(19) Supervise and direct Office staff and operations;

(20) Prepare and submit to the Court recommendations concerning the annual assessment of Bar members; and

(21) Make recommendations to the Court about the lawyer regulation system.

**C. Prohibited Activities.** Disciplinary Counsel shall not have authority to render advisory ethics opinions, either orally or in writing, or to impose any form of discipline on a lawyer.

## RULE 6. COSTS AND EXPENSES; FISCAL REVIEWS AND AUDITS

**A. Office of Disciplinary Counsel.** The costs and expenses of the Office of Disciplinary Counsel shall be paid from an annual assessment of active members of the State Bar of Montana and of nonmembers admitted to practice under the Montana State Bar pro hac vice rules. The Supreme Court shall determine the amount of the annual member assessment.

**B. Commission on Practice.** The costs and expenses of the Commission shall be paid from legislatively-appropriated public funds.

**C. Fiscal Reviews and Audits.** The Court may direct fiscal reviews and audits of the components of the lawyer regulation system.

## RULE 7. JURISDICTION

Any lawyer admitted to practice law in the state of Montana and any lawyer specially admitted by a court of the state of Montana for a particular proceeding, or appearing by pleading or otherwise in any judicial proceeding in the state of Montana, or otherwise engaging in the practice of law in the state of Montana is subject to the disciplinary jurisdiction of the Supreme Court.

If a lawyer, because of allegations of misconduct or against whom formal disciplinary proceedings have been filed, shall surrender his or her license to practice law, the Commission retains jurisdiction to proceed with formal disciplinary proceedings and shall thereafter enter its order of discipline or recommendation for discipline in accordance with the Rules.

## RULE 8. GROUNDS FOR DISCIPLINE

**A. Reasons for Discipline.** Discipline may be imposed for any of the following reasons:

(1) Acts or omissions by a lawyer, individually or in concert with any other person or persons, which violate the Rules of Professional Conduct or the disciplinary rules adopted from time to time by the Supreme Court.

(2) Any act committed by an attorney contrary to the highest standards of honesty, justice, or morality, including but not limited to those outlined in Title 37, chapter 61, parts 3 and 4, MCA, whether committed in such attorney's capacity as an attorney or otherwise.

(3) Conduct which results in conviction of a criminal offense.

(4) Conduct which results in lawyer discipline in another jurisdiction.

(5) Violation of the terms of any discipline or disciplinary order.

(6) Failure to promptly and fully respond to an inquiry from Disciplinary Counsel, an investigator, or the Commission, or failure to justify such refusal or nonresponse.

(7) Willful contempt of court and failure to purge the contempt.

**B. Relationship to Criminal Proceedings.** Acquittal of a charge of crime, plea bargain, conviction of a lesser crime, or dismissal of a charge of crime after deferred imposition of sentence shall not constitute a bar to lawyer discipline for that act, nor shall conviction in a criminal proceeding be a condition precedent to the institution of disciplinary proceedings for that act.

## RULE 9. DISCIPLINE AND SANCTIONS

**A. Forms of Discipline.** Discipline may take one or more of the following forms:

(1) Disbarment. "Disbarment" means the unconditional termination of any privilege to practice law in this State and, when applied to any attorney not admitted to practice law in this State, means the unconditional exclusion from the admission to or the exercise of any privilege to practice law in this State.

(2) Suspension from the practice of law for a definite period of time or for an indefinite period of time with a fixed minimum term. "Suspension" means the temporary or indefinite termination of the privilege to practice law in this State and, when applied to any attorney not admitted to practice law in this State, means the temporary or indefinite exclusion from the admission to or the exercise of any privilege to practice law in this State.

(3) Public censure.

(4) Admonition administered by an Adjudicatory Panel of the Commission.

(5) Probation.

(6) Requirement of restitution to persons financially injured.

(7) Reimbursement to the Lawyers' Fund for Client Protection.

(8) Assessment of the cost of proceedings, investigations, and audits. Whenever costs of proceedings are assessed by the Supreme Court as part of the discipline imposed upon a lawyer, the Disciplinary Counsel shall assemble and serve upon the lawyer an itemized list of those costs. The lawyer shall then have ten days thereafter in which to file written objections with the Commission on Practice and, if so desired, request a hearing before an Adjudicatory Panel on whether the amount of such costs is reasonable and necessary. An Adjudicatory Panel shall thereafter recommend an amount of costs to be imposed, and shall file its recommendation with the Supreme Court, which shall then issue an appropriate order assessing costs.

(9) Interim suspension pending final determination of discipline.

**B. Discipline Criteria.** The following factors shall be considered in determining discipline to be recommended or imposed:

(1) The gravity and nature of the duty violated, including whether the duty is owed to a client, to the public, to the legal system, or to the profession;

(2) The lawyer's mental state;

(3) The actual or potential injury caused by the lawyer's misconduct;

(4) The existence of aggravating or mitigating factors; and

(5) The existence of prior offenses.

**C. Probation.** A lawyer against whom disciplinary proceedings are pending may be placed on probation by the Supreme Court or, with the lawyer's concurrence, by an Adjudicatory Panel. The probation shall be for such time and upon such terms and conditions as are determined appropriate in the case. Discipline may be imposed for violation of any of the terms and conditions of such probation, including satisfactory completion of a diversion or treatment program.

**D. Procedure for Discipline for Willful Contempt of Court and Failure to Purge the Contempt.** Upon receipt of a certified copy of an order of contempt that has become final, the Supreme Court may, in its discretion, issue an order to show cause why the lawyer's license to practice law should not be suspended or other discipline should not be imposed. The lawyer against whom such an order has been entered in district court shall not have the right or opportunity to re-litigate the merits of the contempt order, the right to hearing and due process having been afforded him or her in the district court.

In the alternative, the Supreme Court may direct an Adjudicatory Panel to issue the order to show cause or direct the lawyer to appear before the Adjudicatory Panel. In that event, the Adjudicatory Panel shall make a written recommendation to the Supreme Court regarding suspension of the lawyer's license or other discipline.

An attorney who has been purged of the contempt order may be reinstated to practice law. Prior to reinstatement, the lawyer shall be required to pay the costs of any proceedings before the Commission on Practice.

## II. PROCEDURE

## RULE 10. OFFICE OF DISCIPLINARY COUNSEL PROCEDURE

**A. Central Intake and Evaluation.** The Office of Disciplinary Counsel shall perform central intake functions including, but not limited to, the following:

(1) Receive information and complaints regarding lawyer's alleged misconduct;

(2) Make appropriate referrals regarding information and complaints while assuring that any member of the public who wishes to make a complaint against a lawyer is able to do so;

(3) Provide the complainant access to a packet of written materials containing forms, instructions, and information about Montana's lawyer disciplinary process; and

(4) Receive written complaints on the forms provided.

**B. Preliminary Review and Processing of Complaints.** The Office of Disciplinary

Counsel shall conduct a preliminary review of each written complaint received by the Office and determine whether the complaint involves a matter that is within the disciplinary jurisdiction of the Court.

**C. Investigation.**

(1) All investigations shall be conducted by or under the authority and direction of Disciplinary Counsel. Upon such investigation as Disciplinary Counsel deems appropriate, he or she may:

(a)(1) Send the complaint to the lawyer against whom the complaint is made;

(2) Send the lawyer's response to the complainant and, if appropriate, request his or her reply to the lawyer's response;

(3) Prepare an intake summary; and

(4) Conduct an investigation and prepare an investigative report; or

(b) With or without some or all of the process set forth in Rule 10C(1)(a), dismiss the complaint without prejudice, where the complaint does not appear to be within the disciplinary jurisdiction of the Court, or the facts do not appear to warrant disciplinary action.

(c) Issue a letter of caution to a lawyer or take other corrective action when Disciplinary Counsel deems it appropriate. Any such action by Disciplinary Counsel is not disciplinary action.

(2) Notice of Disposition. In the event of a dismissal, Disciplinary Counsel shall give written notice to the complainant and to the lawyer of the dismissal, stating the reasons for the action taken, and advising the complainant of the right to request review of the dismissal.

(3) Request for Review. The complainant may file a written request for review of Disciplinary Counsel's dismissal within 30 days of the notice of disposition pursuant to Rule 10C(2). Disciplinary Counsel's dismissal shall be reviewed by a Review Panel upon the record before it. The Review Panel may approve, disapprove, or modify Disciplinary Counsel's disposition.

A lawyer against whom Disciplinary Counsel determines to take corrective action other than a letter of caution may file a written request for review of Disciplinary Counsel's determination within 30 days after Disciplinary Counsel notifies the lawyer of the corrective action. Disciplinary Counsel's determination shall be reviewed by a Review Panel upon the record before the Review Panel. The Review Panel may approve, disapprove, or modify Disciplinary Counsel's determination as to corrective action.

**D. Review Panel Proceeding.** Disciplinary Counsel shall:

(1) Request leave of a Review Panel to file a formal complaint; and

(2) Conduct further investigation at the request of a Review Panel.

**E. Adjudicatory Panel Proceeding.** Disciplinary Counsel shall:

(1) Draft and prosecute formal complaints and complaints proposing interim suspension before an Adjudicatory Panel;

(2) Recommend discipline or other disposition of a case to an Adjudicatory Panel;

(3) Conduct any discovery pursuant to Rule 19; and

(4) Investigate a petition for reinstatement and present relevant evidence at an

Adjudicatory Panel hearing on the petition.

## RULE 11. [ABROGATED]

## RULE 12. ADJUDICATORY PANEL PROCEDURES

**A. Complaint and Citation.** When a Review Panel has determined that formal disciplinary proceedings shall be instituted against a respondent lawyer:

(1) Disciplinary Counsel shall file a formal complaint with the Clerk of the Supreme Court and shall furnish a copy to the Adjudicatory Panel;

(2) The complaint shall set forth the charges with sufficient clarity and particularity as to inform the lawyer of the alleged misconduct;

(3) The complaint shall be signed by Disciplinary Counsel but need not be verified; and

(4) The Clerk of the Supreme Court shall issue a citation which, together with a copy of the complaint, shall be served on the lawyer; the citation shall require the lawyer to file a written answer to the complaint with the Clerk within twenty days.

**B. Answer.**

(1) The lawyer shall serve a copy of the answer on the Commission and on Disciplinary Counsel.

(2) If the lawyer fails to answer within the prescribed time, the charges shall be deemed admitted. An Adjudicatory Panel to which the case has been assigned may make findings and impose on the lawyer such discipline and sanctions as these Rules authorize.

(3) An Adjudicatory Panel may elect to hold a hearing nothwithstanding the lawyer's failure to answer, after notice of hearing has been given.

**C. Hearing, Findings, and Conclusions.**

(1) If the lawyer files an answer, Disciplinary Counsel shall consult with the Commission to determine a hearing date before an Adjudicatory Panel. The Commission shall file and serve upon Disciplinary Counsel, the lawyer, the lawyer's counsel, if any, and any complainant, a notice of hearing setting forth the date, time, and place of hearing, which notice shall be served upon said persons at least twenty days in advance thereof. The lawyer is entitled to be represented by counsel, to cross-examine witnesses, and to present evidence. The hearing shall be recorded.

(2) In the conduct of a hearing, the Chairperson of an Adjudicatory Panel shall have authority to rule on all motions, objections, and other matters presented in connection with the hearing. Except as may otherwise be provided herein, and except as an Adjudicatory Panel Chairperson may determine in the interests of justice and fairness, hearings in formal disciplinary proceedings shall be conducted in accordance with the Montana Rules of Civil Procedure and the Montana Rules of Evidence.

(3) Following the hearing, an Adjudicatory Panel shall make findings of fact, conclusions of law, and a recommendation to the Supreme Court for discipline or other disposition of the case.

## RULE 13. ADJUDICATORY HEARINGS; ADMONITIONS

Following the filing of a formal complaint, an Adjudicatory Panel may determine to sanction a lawyer by the imposition of an admonition. The Adjudicatory Panel shall determine whether to impose the admonition publicly or privately after weighing, on a case-by-case basis, the lawyer's privacy interests and the public's right to know. The demands of the lawyer's individual privacy must clearly exceed the merits of public disclosure in order for an Adjudicatory Panel to impose a private admonition. An Adjudicatory Panel may do so, however, only after consulting Disciplinary Counsel and the lawyer subject to sanction, to apprise the interested parties of its reasoning for such decision and to allow for comment.

An Adjudicatory Panel's decision to close an adjudicatory hearing and/or impose an admonition, either publicly or privately, shall be final unless, within ten days of the Adjudicatory Panel's decision, the lawyer subject to sanction, Disciplinary Counsel, or a member of the public, files a petition with the Clerk of the Supreme Court asking the Court to review the Adjudicatory Panel's decision. The Court shall conduct an in-camera review of the Adjudicatory Panel's decision in which it evaluates the lawyer's privacy interest and the public's right to know.

A private admonition should be imposed only in cases of minor misconduct, when there is little or no injury to the public, the legal system, or the profession, and when there is little likelihood of repetition by the lawyer. A private admonition informs the lawyer that his or her conduct is unethical, but does not unnecessarily stigmatize a lawyer from whom the public needs no protection.

## RULE 14. REQUEST FOR RECONSIDERATION BY COMPLAINANT

A Review or Adjudicatory Panel before which a matter is pending shall advise complainants in writing that a complainant who is not satisfied with the disposition of a complaint by the Panel may, within thirty days of receipt of notice of the disposition, petition the Panel for reconsideration. The Panel, upon reconsideration, may approve the disposition or take such other action as may be appropriate and notify the complainant and the lawyer. The Supreme Court may, in its sole discretion, review the Panel's disposition upon reconsideration.

## RULE 15. EX PARTE COMMUNICATIONS PROHIBITED

Disciplinary Counsel and members of Review Panels, Adjudicatory Panels, the Commission, and the Supreme Court shall not communicate ex parte among themselves or with others regarding the merits of a pending or impending investigation or a disciplinary proceeding except as permitted by the Rules for Lawyer Disciplinary Enforcement. Communications for purposes of scheduling, administration, and procedural matters shall not be prohibited but shall be conducted to assure fairness to all parties.

# RULE 16. REVIEW BY THE SUPREME COURT

After service of a copy of the findings of fact, conclusions of law, and recommendation of discipline to the lawyer and to the lawyer's counsel, if any, the lawyer shall have thirty days from the date of service within which to file with the Court objections to the findings of fact, conclusions of law, and recommendation of discipline, and a written brief in support thereof. The lawyer or the lawyer's counsel shall serve upon Disciplinary Counsel a copy of any such objections and brief in support thereof. Disciplinary Counsel shall have thirty days after the date of service of such objections and written brief within which to file with the Court a written brief in opposition to such objections, and a copy of such brief shall be served upon the lawyer or the lawyer's counsel. The Court may, in its discretion, set the matter for oral argument if the Court deems oral argument appropriate. Thereafter, or in the event objections are not filed by the lawyer, the matter shall be deemed submitted and the Court shall determine the appropriate discipline, if any, authorized by these Rules. In the event objections are not filed, the matter shall be deemed submitted at the expiration of the time for filing objections and the Supreme Court shall consider the matter, issue its written decision, and impose such discipline, if any, as it considers appropriate. In the imposition of discipline, the Court may fix a time and place for the lawyer to appear before it. The Clerk shall notify the Commission, Disciplinary Counsel, the lawyer, and the lawyer's counsel of the time and place of the appearance and the purpose thereof. At such time and place, the lawyer shall appear in person, may be accompanied by counsel, and may make a statement with respect to the discipline to be imposed. Thereupon, the Court shall impose such discipline as it deems appropriate.

Proof of all service required herein shall be made in accordance with Rule 5(f), Montana Rules of Civil Procedure.

# RULE 17. IMMUNITY

**A. From Civil Suit.** Communications or complaints, oral or written to, or from, the Commission and Office of Disciplinary Counsel, and testimony given in the proceedings are privileged, and no evidence thereof is admissible in any lawsuit against any complainant, witness, Commission member, Commission staff, Disciplinary Counsel, Office of Disciplinary Counsel staff, investigator, special counsel, or other person employed or retained by the Commission or the Office of Disciplinary Counsel. Waiver, if any, of such privilege by voluntary disclosure by a complainant or witness shall be determined under Rule 503, Montana Rules of Evidence. Members of the Commission, Commission staff, Disciplinary Counsel, Office of Disciplinary Counsel staff, investigators, special counsel, any other person employed or retained by the Commission to represent it in Commission matters, staff members, and persons acting for the Commission shall be immune from suit for any conduct undertaken in good faith in the course of their official duties under these Rules. All of said persons are deemed officers and/or agents of the Court for all purposes mentioned in these Rules.

**B. From Criminal Prosecution.** Upon application of Disciplinary Counsel or the Commission and after reasonable notice to and written consent from the appropriate county attorney(s), the Supreme Court may order that a witness cannot be prosecuted or subjected to any penalty or forfeiture other than a prosecution or action for perjury or contempt, for or on account of any transaction, matter, or thing concerning which the witness testified or produced in a lawyer disciplinary proceeding.

## RULE 18. SERVICE

**A. Service of Complaint.** Service upon the lawyer of a complaint in a formal disciplinary proceeding shall be made by personal service by any person designated by the Office of Disciplinary Counsel or authorized by law, or by mail at the last known address of the lawyer, and proof thereof shall be made as provided in Rule 4, Montana Rules of Civil Procedure. For the purposes of this Rule, any attorney who is the subject of a disciplinary matter shall: (1) accept any and all mail from the Montana Supreme Court, the Commission on Practice, or the Office of Disciplinary Counsel to their current address as listed with the State Bar of Montana; and (2) acknowledge and stipulate that any person who may sign for certified mail at that address is an authorized agent for the purpose of notice and service in a disciplinary matter.

**B. Service of Other Papers.** Service of any other papers or notices required by these Rules shall, unless otherwise provided by these Rules, be made in accordance with the Rules of Civil Procedure of the State of Montana.

**C. Acceptance of Service.** Service by mail as permitted by subparagraph B herein is deemed complete upon mailing to the attorney's current address as required to be maintained on file with the State Bar.

## RULE 19. OATHS, SUBPOENA POWER, AND DISCOVERY

**A. Oaths.** Any member of the Commission or other person authorized by law may administer oaths and affirmations in matters pending before the Commission.

**B. Subpoenas.** Any member of the Commission may, at the request of an investigator, the Office of Disciplinary Counsel, or the lawyer, compel, by subpoena, the attendance of witnesses and the production of pertinent books, papers, and documents.

Any person subpoenaed to appear and give testimony or to produce pertinent books, papers, or documents, who fails or refuses to appear or to produce such books, papers, or documents, or any person having been sworn to testify who refuses to answer any proper questions, may upon request of the Commission or the Office of Disciplinary Counsel be cited for contempt of the Supreme Court. The Commission or the Office of Disciplinary Counsel shall report to the Court the facts relating to any such contempt. Thereupon, proceedings before the Supreme Court shall be had as in cases of other contempts. The Supreme Court may, upon proper application, enforce the attendance of any witness and the production of any documents subpoenaed.

**C. Quashing Subpoena.**  Any attack on the validity of a subpoena so issued shall be heard and determined by the chairperson of the Commission, or in his or her absence, the vice chairperson or executive secretary, subject to review by the Supreme Court, at the request of Disciplinary Counsel or the lawyer.

**D. Discovery.**  Disciplinary Counsel and the lawyer shall be afforded reciprocal discovery.  Disputes concerning the scope and other aspects of discovery shall be determined by the chairperson, or in his or her absence the vice chairperson, of the Adjudicatory Panel.

**E. Witnesses and Fees.**  Witness fees and mileage shall be the same as provided by law for witnesses in civil actions in the district courts of the state of Montana.

## RULE 20. ACCESS TO DISCIPLINARY INFORMATION

**A. Confidentiality.**  All disciplinary information provided to the Office of Disciplinary Counsel and proceedings before the Commission on Practice prior to the filing of a formal complaint with the Clerk of the Supreme Court shall be confidential, except that Disciplinary Counsel may disclose information if:

(1) The respondent has waived confidentiality;

(2) The proceeding is based upon allegations that include either the conviction of a crime or reciprocal discipline;

(3) The proceeding is based upon allegations that have become generally known to the public;

(4) There is a need to notify another person or organization, including the Lawyers Fund for Client Protection Board, the Commission on Character and Fitness, other lawyer disciplinary agencies, law enforcement agencies, and the Lawyer's Assistance Program, in order to protect the public, the administration of justice, or the legal profession, unless Disciplinary Counsel reasonably determines that disclosure would hinder an ongoing investigation or prosecution, infringe upon the privacy interests of a reporting or other third party, or constitute an unduly broad or burdensome request; or,

(5) There is a need to disclose information to third parties while investigating a complaint.

**B. Public Information.**  Upon the filing of a formal complaint with the Clerk of the Supreme Court in a disciplinary matter, or upon the filing with the Clerk of the Supreme Court of a petition for reinstatement, the proceedings before the Commission and pleadings and other documents filed with the Clerk or Commission shall be public except for:

(1) Deliberations and minutes of the Commission;

(2) Information or proceedings with respect to which an Adjudicatory Panel or Supreme Court has issued a protective order;

(3) Conditional admissions and affidavits of consent submitted pursuant to Rule 26 of these Rules until, and if, approved by the Court and public discipline is imposed; and

(4) Hearings conducted pursuant to Rule 26 of these Rules.

**C. Admissibility in Other Proceedings.**  The conclusions, opinions, and recommendations of Disciplinary Counsel or any investigator or special counsel acting on

behalf of the Office of Disciplinary Counsel while acting in those capacities are not relevant or admissible for any purpose in any quasi-judicial or judicial forum, exclusive of the Commission on Practice and the Montana Supreme Court in a disciplinary action.

## RULE 21. DISSEMINATION OF DISCIPLINARY INFORMATION

**Notice of Discipline Imposed.** The Clerk of the Supreme Court shall cause copies of orders and notices of transfer to disability/inactive status, public censure, suspension, disbarment, and reinstatement to be given to the Clerks of all of the District Courts of the State of Montana, all of the District Judges of the State of Montana, the Clerk of the Federal District Court for the District of Montana, the Clerk of the Circuit Court of Appeals of the Ninth Circuit, the Chairperson of the Commission, and the Executive Director of the State Bar of Montana, or as the Supreme Court otherwise may direct.

## RULE 22. ADDITIONAL RULES OF PROCEDURE

**A. Proceedings Governed by Rules of Civil Procedure.** Except as otherwise provided in these Rules, the Rules of Civil Procedure of the State of Montana apply in disciplinary cases.

**B. Standard of Proof.** Formal charges of misconduct and grounds for reinstatement shall be established by clear and convincing evidence.

**C. Burden of Proof.** The burden of proof in formal proceedings seeking discipline is on Disciplinary Counsel. The burden of proof in reinstatement proceedings is on the person seeking reinstatement.

**D. Availability of Hearing Transcript.** A copy of the record of a hearing shall be made available to the lawyer at his or her expense on request made to the Commission.

**E. Related Pending Litigation.** The proceeding of a disciplinary matter shall not be delayed because of substantial similarity to the material allegations of pending criminal or civil litigation unless a Review Panel or an Adjudicatory Panel in its discretion authorizes a stay for good cause shown, but only after notice to the complainant, Disciplinary Counsel, the lawyer, and the lawyer's counsel, and opportunity to be heard by the complainant.

**F. Delay Caused by Complainant.** Neither unwillingness nor neglect of the complainant to sign a complaint nor to prosecute a charge, nor a settlement, nor a compromise between the complainant and the lawyer, nor restitution by the lawyer shall, in itself, justify abatement of the processing of any complaint.

**G. Effect of Time Limitations.** Except as is otherwise provided in these Rules, time is directory and not jurisdictional. Failure to observe prescribed time intervals may result in sanctions against the violator but does not justify abatement of any disciplinary investigation or proceeding.

**H. Complaints Against Commission Members.** Allegations of grounds for discipline against members of the Commission shall be processed in the same manner as allegations against nonmembers of the Commission; provided, however, that the Commission member

against whom such allegations are made shall be disqualified from participating in any manner as a Commission member with respect to that matter. Further, in the event of allegations of grounds for discipline being made against any member of the Commission, the Supreme Court will be immediately notified of such allegations, and the Commission will keep the Court informed in a timely manner of the status of the matter.

**I. Dismissed Complaints**. A complaint which is dismissed or upon which no disciplinary action is taken or recommended shall be expunged from Commission and Disciplinary Counsel records and for all purposes shall be considered as null, void, and nonexistent.

## RULE 23. LAWYERS CONVICTED OF A CRIMINAL OFFENSE

**A. Transmittal of Certificate of Conviction.** The clerk or other official of any court in this state in which a lawyer subject to the disciplinary jurisdiction of the Supreme Court has been convicted of a criminal offense shall, within thirty days of the date of conviction, transmit a certificate of conviction to the Supreme Court, Disciplinary Counsel, and the Commission on Practice.

**B. Procedure on Receipt of Certificate of Conviction.** Upon receipt of the certificate of conviction, the Supreme Court, either on its own motion or on that of Disciplinary Counsel, shall determine whether the criminal offense is one which affects the lawyer's ability to practice law. If the Court determines that the lawyer was found guilty of a criminal offense that affects the lawyer's ability to practice law, the Supreme Court shall enter an order immediately suspending the lawyer from the practice of law pending final disposition of a disciplinary proceeding predicated upon the conviction. The Supreme Court shall in the same order direct Disciplinary Counsel to prepare and file a formal complaint against the lawyer predicated upon the conviction. If the criminal offense does not involve the lawyer's ability to practice law, the Supreme Court shall enter an order to that effect and, thereafter, the matter shall be processed like any other information coming to the attention of the Commission. The Court need not give notice to the lawyer, nor shall a hearing be required prior to its determination of whether the criminal offense of which the lawyer was convicted was one which affects the lawyer's ability to practice law, nor shall a hearing be required prior to the Supreme Court's entering an interim order of suspension. A copy of any order entered pursuant to this Rule shall be served upon the lawyer, Disciplinary Counsel, and the Commission. Upon good cause shown, the Court may in the interest of justice set aside or modify the interim suspension; however, the interim suspension may not be set aside solely by reason of a pending appeal of the conviction to the Supreme Court or because of an appeal by trial de novo.

**C. Formal Proceedings After a Conviction.** The sole issue to be determined in the formal disciplinary proceedings conducted after a lawyer is convicted of a criminal offense which affects the lawyer's ability to practice law shall be the extent of the final discipline to be imposed, provided that a disciplinary proceeding so instituted will not be brought to hearing until all appeals from the conviction are concluded unless the lawyer requests that

the matter not be deferred.

**D. Certificate of Conviction Conclusive.**  A certificate of conviction of a lawyer for a criminal offense shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against the lawyer based upon the conviction.

**E. Automatic Reinstatement From Interim Suspension Upon Reversal of Conviction.**  If a lawyer suspended solely under the provisions of paragraph B above demonstrates that the underlying conviction has been reversed or vacated, the order for interim suspension shall be vacated and the lawyer placed on active status.  The vacating of the interim suspension will not automatically terminate any formal proceeding then pending against the lawyer, the disposition of which shall be determined by the Adjudicatory Panel on the basis of the available evidence.

**F. Notice to Clients and Others on Interim Suspension.**  An interim suspension order entered pursuant to this Rule shall constitute a suspension of the lawyer for purposes of Rule 21.

## RULE 24. FAILURE TO RESPOND TO THE OFFICE OF DISCIPLINARY COUNSEL OR THE COMMISSION

If a lawyer subject to the jurisdiction of the Commission should fail or refuse to promptly and fully respond to a complaint or other inquiry communicated to such lawyer in writing by the Office of Disciplinary Counsel or the Adjudicatory or Review Panel before which the matter is pending, the Panel, in addition to other proceedings authorized by these Rules, may direct such lawyer to appear before the Panel and show cause why appropriate discipline or sanction should not be imposed for failure to respond or cooperate. If the matter is pending before a Review Panel, and the lawyer fails to show good cause, the Review Panel shall refer the matter to an Adjudicatory Panel.  Notice of such show cause hearing shall be served upon the lawyer at least twenty days prior to the hearing.  If at such hearing the lawyer shall fail to respond or show a just or reasonable cause for not responding, then in addition to the disciplines and sanctions otherwise provided by these Rules, the Adjudicatory Panel may, upon determination of its appropriateness, recommend to the Supreme Court the immediate interim suspension of such lawyer for a period not to exceed thirty days, or such earlier date as the attorney shall fully respond to and cooperate with the Disciplinary Counsel and the Commission on Practice.

## RULE 25. CONDUCT CONSTITUTING THREAT OF HARM TO CLIENTS

**A. Transmittal of Evidence.**  Upon receipt of evidence constituting probable cause that a lawyer subject to the disciplinary jurisdiction of the Supreme Court has committed a violation of the Rules of Professional Conduct or is incapacitated and, in either case, poses a substantial threat of serious harm to clients or the public, an Adjudicatory Panel shall:

(1) Transmit the evidence to the Supreme Court together with a proposed order for interim suspension; and

(2) Contemporaneously make a reasonable attempt to provide the lawyer with notice, which may include notice by electronic means, that a proposed order for interim suspension has been transmitted to the Supreme Court.

**B. Interim Suspension.** The Supreme Court may, on its own motion or based upon a recommendation to it by an Adjudicatory Panel, direct a lawyer to appear before the Supreme Court and show cause why the lawyer's license to practice law should not be suspended during the pendency of either criminal proceedings or disciplinary proceedings and, after a hearing, the Supreme Court may enter an order suspending the lawyer's license for a definite or indefinite period, or may discharge the order to show cause. In the event the order suspending license is entered, the Supreme Court may appoint a trustee pursuant to Rule 33 to protect clients' interests. Further, the Court may make an order relieving the lawyer of any fiduciary position held by the lawyer and appoint a trustee to assume those fiduciary positions.

**C. Notice to Clients.** The lawyer suspended pursuant to the foregoing paragraph, or the lawyer's trustee appointed pursuant to Rule 33, if one is so appointed, shall comply with the notice requirements of Rules 30 and 32.

## RULE 26. DISCIPLINE BY CONSENT

**A. Adjudicatory Panel Approval of Tendered Admission.** A lawyer against whom formal disciplinary proceedings have been filed may tender a conditional admission to the complaint or to particular allegations therein in exchange for a stated form of discipline. The tendered admission shall be submitted to an Adjudicatory Panel. An Adjudicatory Panel may refer the tendered admission to the Disciplinary Counsel for recommendations. The Adjudicatory Panel may either approve or reject the tendered admission. The Adjudicatory Panel may hold a private hearing for the purpose of obtaining information to aid the Adjudicatory Panel in determining whether to approve or reject the tendered admission. If the tendered admission is approved by the Adjudicatory Panel, such approval shall be final if the stated form of discipline is an admonition, probation imposed by an Adjudicatory Panel as provided in Rule 9C of these Rules, or both, with or without imposition of costs of the proceeding; but, in all other instances, the tendered admission shall be subject to approval or rejection by the Supreme Court. If the tendered admission is rejected by either the Adjudicatory Panel or the Supreme Court, the admission shall be deemed withdrawn and cannot be used against the lawyer in any subsequent proceedings.

**B. Affidavit of Consent.** A tendered admission shall include an affidavit stating the lawyer's consent to the discipline and that:

(1) The lawyer's consent is freely and voluntarily tendered, and that the lawyer is not being subjected to coercion or duress, and that the lawyer is fully aware of the implications of submitting the consent;

(2) The lawyer is aware that there has been a formal charge filed against the lawyer, the nature of which the lawyer shall specifically set forth; and

(3) The lawyer acknowledges that the material facts so alleged are true or the lawyer

submits his or her consent because he or she knows that if the case proceeded to a formal hearing, he or she could not successfully defend himself or herself.

The final order of discipline shall be predicated upon the formal complaint, the conditional admission, the affidavit, and such other information and evidence to which the Disciplinary Counsel and the lawyer may have stipulated, or which may have been elicited at a private hearing referred to in Rule 26A.

**C. Order of Discipline.** If the discipline by consent is a form of discipline that may be imposed by the Adjudicatory Panel, the Adjudicatory Panel shall enter the order. In all other instances in which the proposed discipline has been approved, the Supreme Court shall enter the order. The order of discipline by consent shall be filed with the Clerk of the Supreme Court, and a copy thereof shall be served upon the lawyer, the lawyer's counsel, the Commission, Disciplinary Counsel, and the complainant.

**D. Confidentiality.** All tendered admission proceedings prior to entry of a consent discipline order shall be confidential and subject to the provisions of Rule 20 of these Rules. Upon entry of an order imposing public discipline, the conditional admission and affidavit of consent shall be filed with the Clerk of the Supreme Court and made public.

# RULE 27. RECIPROCAL DISCIPLINE

**A. Commission to Obtain Order of Discipline from Other Jurisdiction.** Upon being disciplined in another jurisdiction, a lawyer admitted to practice in Montana shall promptly inform the Supreme Court, the Commission, and Disciplinary Counsel of such action. Upon notification that a lawyer subject to the disciplinary jurisdiction of the Supreme Court has been disciplined in another jurisdiction, Disciplinary Counsel shall obtain a certified copy of the disciplinary order and file it with the Commission and with the Supreme Court.

**B. Notice Served Upon the Lawyer.** Upon receipt of a certified copy of an order demonstrating that a lawyer admitted to practice in Montana has been disciplined in another jurisdiction, the Court shall forthwith issue a notice directed to the lawyer containing the following:

(1) A copy of the order from the other jurisdiction; and

(2) An order directing that the lawyer inform the Court, within thirty days from the date of service of the notice, of any claim by the lawyer predicated upon the grounds set forth in paragraph D of this Rule, that the imposition of the identical discipline in the state of Montana would be unwarranted and the reasons therefor.

**C. Effect of Stay of Discipline in Other Jurisdiction.** In the event the discipline imposed in the other jurisdiction has been stayed there, any reciprocal discipline imposed in Montana may be deferred until the stay expires.

**D. Discipline to be Imposed.** Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B of this Rule, the Supreme Court shall impose the identical discipline unless the lawyer demonstrates, or the Court finds, that upon the face of the record from which the discipline was predicated it clearly appears that:

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a

deprivation of due process;

(2) That there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Supreme Court could not, consistent with its duty, accept as final the conclusion on that subject;

(3) The imposition of the same discipline by the Supreme Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the State of Montana.

If the Supreme Court determines that any of those elements exists, it shall enter such other order as it deems appropriate.

**E. Conclusiveness of Adjudication in Other Jurisdiction.** In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in the state of Montana.

# RULE 28. DISABILITY/INACTIVE STATUS

**A. Grounds.** A lawyer subject to the disciplinary jurisdiction of the Supreme Court shall be transferred to disability/inactive status if:

(1) The lawyer asserts an inability to assist in the defense of disciplinary proceedings;

(2) The lawyer is determined, upon hearing, to have a physical or mental condition which adversely affects the lawyer's ability to practice law to the extent that the lawyer is incapacitated from continuing to practice law; or

(3) The lawyer is judicially declared incompetent or involuntarily committed on grounds of incompetency or disability by a court of competent jurisdiction.

**B. Proceedings.**

(1) Proceedings to determine a lawyer's inability to assist in the defense of disciplinary proceedings or to determine incapacity shall be conducted in the same manner as formal disciplinary proceedings pursuant to Rules 11 and 12, except that all of the proceedings shall be confidential.

(2) Counsel may be appointed by the Commission to represent a lawyer without adequate representation.

(3) The Adjudicatory Panel may order examination of the lawyer by qualified medical experts selected by the Adjudicatory Panel.

**C. Report and Recommendation.** The report and recommendation of the Adjudicatory Panel shall be subject to review and determination by the Supreme Court as provided in Rule 16.

**D. Notice of Transfer.** Unless otherwise ordered by the Court, notice of transfer to disability/inactive status shall be given to those persons and in the manner provided in Rule 30.

**E. Term of Disability/Inactive Status.** Transfer to disability/inactive status, unless otherwise specified by order, shall be for an indefinite period and may include such terms

and conditions for reinstatement as may be appropriate.

**F. Stay of Disciplinary Proceedings.** Pending disciplinary proceedings shall be deferred during the period of a lawyer's inability to defend. Such proceedings shall be heard and disposed of as provided in these Rules upon reinstatement of the lawyer to active status.

**G. Reinstatement.**

(1) A lawyer transferred to disability/inactive status may petition for transfer to active status after six months, or such other time period specified in the order of transfer, or in subsequent orders.

(2) Upon receipt of a petition for transfer to active status, the Adjudicatory Panel shall schedule a hearing on the petition as soon as practicable. Proceedings for transfer to active status shall be conducted in the same manner as formal proceedings pursuant to Rule 29, except that all of the proceedings shall be confidential. The Adjudicatory Panel may order examination of the lawyer by qualified medical experts selected by the Adjudicatory Panel.

(3) A petition for transfer to active status shall be granted upon a showing by clear and convincing evidence that the disability has been removed.

(4) A lawyer previously judicially declared incompetent may petition for immediate transfer to active status, without hearing, upon proof of judicial declaration of competency by a court of competent jurisdiction.

# RULE 29. REINSTATEMENT

**A. After Suspension of Six Months or Less.** A lawyer suspended for no more than six months may resume practice at the end of the period of suspension by filing with the Court, and serving upon the executive secretary of the Commission and Disciplinary Counsel an affidavit alleging that the lawyer has fully complied with the requirements of the suspension order, and paying any required fees and costs ordered by the Court.

**B. After Disbarment or Suspension for More Than Six Months.** Subject to the limitations set forth in Rule 29C, any lawyer who shall have been disbarred or who shall have been suspended indefinitely or for more than six months may, by verified petition, apply for:

(1) An order of reinstatement;

(2) An order shortening the term of a fixed period of suspension; or

(3) An order modifying an order of indefinite period of suspension by fixing a definite period of suspension.

Such petition shall bear the case number and caption appearing in the order of discipline, and an original and one copy thereof shall be filed with Disciplinary Counsel, the Commission on Practice, and by the Commission filed with the Clerk of the Supreme Court and made a part of the record in said case. Such petition shall set forth the facts that show the lawyer contends that he or she has rehabilitated himself or herself, or that he or she is entitled to have the order of discipline vacated, terminated, or modified.

**C. Time for Filing Petition.**

(1) A lawyer suspended from practice may not petition for reinstatement earlier than

ninety days prior to the end of the period of the fixed term or minimum fixed term of the suspension.

(2) A lawyer serving an indefinite suspension beyond the minimum fixed term may petition for reinstatement at any time.

(3) No petition for reinstatement shall be filed by a disbarred lawyer until five years after the effective date of disbarment.

**D. Hearing and Notice on Application.** Upon receipt of a petition, the Commission shall, within ninety days after receipt of such petition, or such later date as may be mutually agreed upon by petitioner and the Commission, schedule an Adjudicatory Panel hearing on the petition. The petitioner shall have the burden of demonstrating by clear and convincing evidence that he or she meets the following criteria or, if not, has presented good and sufficient reason why he or she should nevertheless be reinstated:

(1) The lawyer has fully complied with the terms of all prior disciplinary orders;

(2) The lawyer has not engaged nor attempted to engage in the unauthorized practice of law;

(3) If the lawyer was suffering under a physical or mental disability or infirmity at the time of suspension, including alcohol or other drug abuse, the disability or infirmity has been removed, and where alcohol or other drug abuse was a causative factor in the lawyer's misconduct, the lawyer:

(a) has pursued appropriate rehabilitative treatment; and

(b) has abstained from the use of alcohol or other drugs for at least one year, and is likely to continue to abstain from alcohol or other drugs;

(4) The lawyer recognizes the wrongfulness and seriousness of the misconduct;

(5) The lawyer has not engaged in any other professional misconduct since suspension;

(6) The lawyer has the requisite honesty and integrity to practice law; and

(7) The lawyer has kept informed about recent developments in the law and is competent to practice.

The proceedings before the Adjudicatory Panel relating to such petition shall be governed by the applicable provisions of these Rules governing hearings in disciplinary proceedings including Rule 20 concerning confidentiality, unless otherwise provided herein or unless otherwise ordered by the Court.

Notice of such hearing shall be given to the public in such manner and to such extent as the Adjudicatory Panel deems appropriate in each case. In any event, notice of such application or petition shall be given to the Supreme Court, all of the Judges of the District Courts of the State of Montana, all of the Federal District Judges of the District of Montana, and the Executive Director of the State Bar of Montana. The notice of hearing shall set forth that any interested person may testify at the hearing.

An Adjudicatory Panel may request Disciplinary Counsel to investigate the allegations set forth in the petition for reinstatement and present relevant evidence at the hearing.

**E. Deposit for Cost of Proceeding.** Upon receipt of a petition for reinstatement, an Adjudicatory Panel, before proceeding further, may require the petitioner to deposit with the Commission an amount deemed reasonable by the Commission to cover anticipated costs of

the reinstatement proceedings.

**F. Recommendation of Commission and Action by Court.** The Adjudicatory Panel shall make a written recommendation to the Supreme Court on the petition for reinstatement, including the imposition of such conditions to reinstatement as it deems appropriate to protect the public interest. Thereupon the Supreme Court shall, in the exercise of its discretion, take such action as it deems advisable.

## RULE 30. NOTICE TO CLIENTS AND OTHERS

**A. Recipients of Notice and Contents of Notice.** Unless otherwise ordered by the Adjudicatory Panel or the Supreme Court, within ten days after the date of the order of the Court imposing the discipline of disbarment or suspension, the lawyer shall notify or cause to be notified by registered or certified mail, return receipt requested:

(1) All clients being represented in pending matters;

(2) Any co-counsel in pending matters;

(3) Any opposing counsel in pending matters or, in the absence of such counsel, the adverse parties, that the Court has ordered the disbarment or suspension of the lawyer and that the lawyer is therefore disqualified to act as a lawyer after the effective date of the order; and

(4) any court in which the respondent attorney appears as counsel of record in any pending matter in compliance with Uniform District Court Rule 10 (and any corresponding Local Rule), as well as § 37-61-403, MCA.

**B. Notice to Clients of Lawyers Who Are Disbarred or Suspended.** The lawyer shall deliver to all clients being represented in pending matters any papers or other property to which they are entitled and shall notify them and any counsel representing them of a suitable time and place where the papers and other property may be obtained, calling attention to any urgency for obtaining the papers or other property.

**C. Notification to Court.** In the event the client does not obtain another lawyer before the effective date of the disbarment or suspension, it shall be the responsibility of the lawyer to notify in writing the judge of the court having jurisdiction of the pending matter of the circumstances.

## RULE 31. EFFECTIVE DATE OF ORDER, WINDING UP OF AFFAIRS

Orders imposing discipline shall be effective immediately upon entry, unless the Adjudicatory Panel or the Supreme Court specifies otherwise in the order. The lawyer, after entry of a disbarment or suspension order, shall not engage as a lawyer for any new case or legal matter of any nature. The lawyer shall refund any part of any fees paid in advance which have not been earned.

## RULE 32. AFFIDAVIT FILED WITH COURT

Within twenty days after the effective date of the disbarment or suspension order, the lawyer shall file with the Supreme Court, the Adjudicatory Panel, and the Disciplinary Counsel an affidavit showing:

(1) The lawyer has fully complied with the provisions of the order and with these Rules;

(2) A list of all other state, federal, and administrative jurisdictions to which the lawyer is admitted to practice; and

(3) The lawyer's residence or other addresses where communications may thereafter be directed to him or her.

## RULE 33. APPOINTMENT OF TRUSTEE TO PROTECT CLIENTS' INTERESTS WHEN THE LAWYER HAS BEEN DISBARRED OR SUSPENDED

**A. Inventory of the Lawyer's Files.**  If a lawyer has been disbarred or suspended and there is evidence the lawyer has not complied with Rule 30, and no partner, personal representative, or other responsible party capable of conducting the lawyer's affairs is known to exist, the presiding judge in the judicial district in which the lawyer maintained his or her practice, upon proper proof of the fact, shall appoint an attorney or attorneys as trustees to inventory the files of the lawyer, and to take such action as seems indicated to protect the interest of the lawyer and the lawyer's clients.

**B. Protection for Records Subject to Inventory.**  Any attorney so appointed shall not be permitted to disclose any information contained in any files inventoried without the consent of the client to whom the file relates, except as necessary to carry out the order of the court which appointed the attorney to make the inventory.

## RULE 34. VERIFICATION OF BANK ACCOUNTS

Whenever Disciplinary Counsel has probable cause to believe that the bank accounts of a lawyer that contain, should contain, or have contained funds belonging to clients, have not been properly maintained or that the funds have not been properly handled, the Disciplinary Counsel may initiate an investigation for the purpose of verifying the accuracy and integrity of all bank accounts maintained by the lawyer, and an investigator may be appointed by Disciplinary Counsel for that purpose.

Investigations, examinations, and verifications shall be conducted so as to preserve the private and confidential nature of the lawyer's records insofar as is consistent with these Rules and the attorney-client privilege, provided, however, that all investigatory materials may be provided to, or exchanged with, the State Bar of Montana, Lawyers' Fund for Client Protection.

## RULE 35. EFFECTIVE DATE

These rules are effective January 1, 2011, provided, however, that any matter then

pending shall be concluded under the procedure existing prior to the effective date of these Rules.